(95 South. 771)

No. 23695.

LONDON GUARANTEE & ACCIDENT INS. CO. v. VICKSBURG, S. & P. R. CO.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. Pleading ☞228—Allegations taken as true on exception.

In determining on exception whether plaintiff has a cause or right of action, the allegations of the petition are taken as the facts of the case.

2. Master and servant ☞389—Insurer not authorized to sue third person for employee's benefit.

Act No. 20 of 1914, § 7, subrogating employer, paying or becoming liable for compensation thereunder, to employee's rights against person responsible for injury, gives insurer no right of action against the person responsible, for the use and benefit of the injured employee.

3. Insurance ☞606(5)—Insurer has right of action against third person for amount paid.

Insurer paying compensation under Act No. 20 of 1914, has right of action against third person responsible for the injury, for reimbursement, under Civ. Code, art. 2315, giving right of action to any one injured by another's fault.

4. Insurance ☞606(5) — Insurer's right to recover against third person depends on whether employee could have recovered.

Right of recovery by insurer paying compensation under Employers' Liability Act, and suing third person responsible for the injury, under Civ. Code, art. 2315, depends upon whether the injured employee could have recovered if he had sued defendant.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by the London Guarantee & Accident Insurance Company against the Vicks-burg, Shreveport & Pacific Railroad Company. From a judgment dismissing the suit, plaintiff appeals. Affirmed in part, and reversed in part, and remanded.

M. C. Redmond, of Monroe, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

O'NIELL, C. J. Plaintiff has appealed from a judgment dismissing this suit on an exception of no cause or right of action.

[1] In determining whether plaintiff has a cause or right of action, we take the allegations of the petition as the facts of the case. Being an insurance company, engaged in issuing employers' liability insurance, plaintiff issued a policy to the Arnold Construction Company covering any and all accidents that might happen to any of the employees engaged in the construction of a roundhouse for the defendant railroad company. The Arnold Construction Company was an independent contractor, not an employee, of the railroad company. On the 22d of February, 1918, one of the workmen on the building, George W. Williams, while performing services for which he was employed by the construction company, was injured by a locomotive operated by the railroad company. He claimed compensation from his employer, the construction company, under Act 20 of 1914, as amended by Act 243 of 1916. The surety company, plaintiff in this suit, paid the claim, amounting to $515. It is alleged that the employees of the railroad company were guilty of gross negligence in the operation of the locomotive, and that the injuries suffered by Williams and the consequent loss sustained by the surety company were therefore caused by the fault of the railroad company. It is alleged that Williams suffered damages in the sum of $5,000, for which he had a right of action against the railroad company, for tort, under article 2315 of the Civil Code.

It is alleged that the policy of insurance

in this case was issued in accord with the requirements of section 23 of the Employers' Liability Act, that every such policy shall contain the agreement of the insurer to pay promptly to any person entitled to compensation all installments that may be awarded or be agreed upon, and that "such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name."

The surety company is not only demanding reimbursement of the $515 paid to the person injured, but is also claiming, for his use and benefit, damages in the sum of $5,000.

[2] Plaintiff's claim of a right of action is founded upon the contention that an insurer, having paid compensation to an injured employee, for an injury caused by the fault of some one other than the employer, is entitled to the same right of subrogation to a claim for damages against the party who was at fault that the employer himself would have if he had paid the compensation. The action, therefore, is founded upon section 7 of Act 20 of 1914, viz.:

"When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, and may compromise the claim therefor in his discretion; provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act then any such excess shall be paid to the injured employee less the employer's legitimate and reasonable expenses and costs of the action, which payment shall be credited upon the balance of compensation, if any, that may become due thereafter."

153 La.—10

In the case of City of Shreveport v. Southwestern Gas & Electric Co., 140 La. 1078, 74 South. 559, decided in 1917, section 7 of the statute was held to its literal meaning. In fact, it was held to such a rigid meaning that an employer's right of subrogation to the claim of an injured employee for damages did not extend to a claim for damages of the dependents of a deceased employee. The court then ventured the opinion that the hiatus in the law was an accident, but the court declined to correct it. It was corrected by an amendment of the law at the next session of the Legislature. See Act 38 of 1918, p. 52.

Section 7 of the statute does not, in terms or by implication, give the surety company in this case a right of action against the railroad company for damages for the use and benefit of the injured employee. Not having suffered or paid the damages, plaintiff does not assert a right of action to recover the damages for its own use or benefit.

[3] As to the demand for reimbursement of the $515 which the surety company was, by an alleged fault of the railroad company, compelled to pay, we are of the opinion that the company has a right of action. The right is not conferred expressly by the Employers' Liability Act. It arises from the general provisions of article 2315 of the Civil Code. The article gives a right of action for damages to any and every one who is injured by another's fault. If the loss of $515 which the surety company has sustained was caused by the fault or negligence of the railroad company, the latter is answerable directly to the surety company for the loss. In the case of Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 South. 539, we recognized the doctrine that, when one of two persons who are liable in solido for an injury to a third person is primarily responsible because his fault was the proximate cause of the injury, and the other of the ob-

ligors is only technically liable, the latter is entitled to indemnity from the one whose fault caused the injury or damage. See, also, Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 South. 913.

It is argued on behalf of appellant that the right of action for reimbursement of the compensation paid to Williams arises also from article 2161 of the Civil Code, declaring when subrogation shall take place. Inasmuch as plaintiff has a right of action, directly, under article 2315 of the Civil Code, there is no occasion for deciding whether plaintiff might also have a right of action by subrogation under article 2161 of the Code.

[4] It appears that the district judge, in this case, considered only the question whether plaintiff had a right of action, or was denied a right of action, by the terms of the Employers' Liability Act. We assume that, having concluded that the surety company had no right of action under the statute, the district judge did not consider the question whether the allegations of fault and negligence on the part of the railroad company would have disclosed a cause of action if this suit had been brought by the injured employee. Let it be understood, therefore, that we do not give judgment on the question whether the allegations of fault and negligence in this case disclose a cause of action against the defendant, railroad company. Our ruling is that the plaintiff here has no right of action against the railroad company except for reimbursement of the amount actually paid by plaintiff to the injured employee of the construction company. To that extent plaintiff's right depends upon whether the injured employee could have recovered damages from the railroad company, if he had sued the railroad company.

The judgment appealed from is affirmed in so far as it dismissed the suit for $5,000 damages for the use and benefit of George W. Williams. In other respects the judgment is reversed, the exception of no right of action is overruled, and this case is ordered remanded to the district court for further proceedings not inconsistent with the foregoing opinion. Appellee is to pay the costs of this appeal. All other costs are to depend upon the final judgment.