## UNIVERSAL AUTOMOBILE INS. CO. v. MANISALCO.*

### No. 14391.

Court of Appeal of Louisiana. Orleans.

June 12, 1933.

Leslie P. Beard and Chester A. Peyronnin, both of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellee.

HIGGINS, Judge.

The Universal Automobile Insurance Company, as subrogee, brings this action to recover $170 from the defendant as the owner of a Nash sedan automobile, which is said to have run into the Hupmobile coupé of Mrs. A. C. Morris, on which it carried insurance, at the intersection of Jackson avenue and Carondelet street of this city on December 6, 1931, about 1:45 p. m.

The charges of negligence against defendant's minor son, who was driving the car, are as follows: That he was driving his car at a high and excessive rate of speed and without keeping a proper lookout; that he failed to accord to the Hupmobile coupé the right of way which it had gained by almost completely crossing the intersection at the time it was struck.

The defenses are: First, that the plaintiff, as subrogee, has no right to bring this suit; second, that the vehicles approached the intersection at about the same time and, therefore, under the traffic ordinance, the Nash car had the right of way, being on a right of way street; third, that the Hupmobile coupé was driven into the intersection without coming to a full stop as required by the traffic ordinance.

There was judgment dismissing the suit, and plaintiff has appealed.

■ The point that the plaintiff, as subrogee, has no right to bring this suit is predicated upon the ground that the Hupmobile coupé automobile was community property and, therefore, the subrogation should have been given by the husband and not by his wife as was done. There is no doubt that the plaintiff issued a policy naming Mrs. Morris as the assured and insuring the Hupmobile coupé against loss from "accidental collision." The evidence tends to show that the car was purchased by Mrs. Morris with her separate funds under her separate administration. Defendant did not offer any evidence to contradict the testimony of Mr. and Mrs. Morris in that respect and therefore the conventional subrogation by Mrs. Morris to the insurance company is valid. See Act No. 94 of 1916 and Act No. 219 of 1920.

Furthermore, the Supreme Court of Louisiana, in the case of London Guarantee & Acc. Ins. Co. v. Vicksburg, S. & P. R. R. Co., 153 La. 287, 95 So. 771, held that an insurance company which paid a loss caused through the negligence of a third person can bring a direct action under the provisions of article 2315 of the Civil Code against the tort-feasor to recover the alleged damage in the event the insured is entitled to recover against the wrongdoer under the circumstances. See, also, Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539; Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913.

The first defense is, therefore, without merit.

■■ Mr. and Mrs. A. C. Morris testified that he was driving the Hupmobile coupé and that she was riding with him; that the automobile was being driven down Carondelet street in the direction of Canal street; that as it approached the intersection of Jackson avenue, which is a two-way thoroughfare, having double street car tracks located thereon, he almost brought the coupé to a complete stop (the petition alleges that the coupé came to a full stop); that they observed the defendant's car about one-half a block away on Jackson avenue coming in the direction of the river or approaching from their left; that believing that they had time to cross, Mr. Morris drove the coupé into the intersection at a rate of speed of about ten miles per hour; that after having started across they realized that defendant's car would strike them unless they speeded up;

*Rehearing denied June 29, 1933.

that Mr. Morris accelerated the coupé and had reached a point where the second street car tracks are located, when the front of the Nash car struck the extreme left rear side of the coupé causing it to be knocked into the curbing on Carondelet street below Jackson avenue and then face in the direction from which it had come; and that the defendant's car was being driven at about forty miles per hour.

The only eyewitness for defendant was his minor son who was sixteen years and ten months old at the time of the collision. He states that he was driving on Jackson avenue in the direction of the river with the wheels of the automobile astride of the street car tracks on the uptown side of Jackson avenue; that he was driving at about twenty-five miles per hour; that as he reached the intersection he slowed down and then discovered the presence of the coupé about eight feet away; that due to the presence of a tree on the corner each driver's view was obstructed; that the driver of the coupé failed to obey the traffic ordinance and come to a complete stop; that Mr. Morris came into the intersection at a fast rate of speed; that in order to avoid the accident he attempted to turn sharply to his right, but in spite of his effort, the left front side of his car struck the left rear side of the Hupmobile, which continued on its course into Carondelet street and turned around; and that he stopped on Carondelet street.

It is conceded that Jackson avenue is a right of way street under the provisions of the traffic ordinance, which also requires vehicles approaching on Carondelet street—a one-way street down—to come to a full stop. It is admitted that Mr. Morris did not obey this provision of the traffic ordinance, but counsel for the plaintiff contend that as the defendant's automobile was in the middle of the block when Mr. Morris arrived at the intersection he was justified in attempting to cross and, since he had pre-empted the intersection, he was entitled, under the provisions of the traffic ordinance, to proceed.

The sole question to be decided is whether or not the two automobiles approached the intersection at approximately the same time, or whether the coupé entered the intersection at an appreciable length of time before the Nash automobile.

Mr. Morris says that he reached the tracks on the lower side of Jackson avenue before his car was hit, but his wife stated "we were across this car line (indicating on the diagram) maybe we were across one line but I would rather say we were across both." This would indicate to us that she was not certain as to what point the coupé had reached in the intersection when it was struck. The driver of defendant's car was positive that he was running astride the up-

per rail of the street car tracks and struck the coupé in the intersection at about that point.

The trial court accepted the version of the driver of defendant's car and we do not find any reason why we should reverse the judgment, particularly since only an issue of fact is involved and plaintiff bore the burden of proof.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.