**LIBERTY MUT. INS. CO., Inc., v.
BENTON et al.
No. 1295.**

Court of Appeal of Louisiana. First Circuit.

March 6, 1934.

Smith, Albritton & Hardin, of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

ELLIOTT, Judge.

In a collision between an automobile, belonging to and while being driven by D. M. Benton, and another, belonging to Cecil Bovard while being driven by his son, Sidney Bovard, W. R. Welch, riding with Benton as his guest, received personal injuries to the extent of $238.

Sidney Bovard was a minor at the time in question, residing with his father. Welch was employed at the time by Loose-Wiles Biscuit Company. This company carried compensation insurance in favor of its employees with Liberty Mutual Insurance Company, Inc., which last-named company paid Welch the $238 due him on said account, and then, acting under the provisions of Act No. 20 of 1914, § 7, (amended Act No. 247 of 1920, p. 468), it brought suit against D. M. Benton, Sidney Bovard, Cecil Bovard, and Hartford Accident & Indemnity Company, Inc., to recover of them in solido the amount paid.

It alleges that the joint negligence of Benton and Sidney Bovard caused the injury sustained by Welch; that Cecil Bovard is responsible for the negligent act of his son, Sidney, causing injury; that Hartford Accident & Indemnity Company, Inc., carried public liability and property damage insurance in favor of said Benton on account of his said automobile.

Hartford Accident & Indemnity Company, Inc., and Benton each appeared and urged that the injury, alleged to have been sustained by Welch, had occurred more than one year before the institution of the present suit and pleaded the prescription of one year in bar of plaintiff's action. Hartford Accident & Indemnity Company, Inc., then, under reserve of its plea of prescription, further excepted to the action on the ground that plaintiff's petition sets forth no right or cause of action. Both pleas of prescription were overruled, but the exception of no right or cause of action, filed by Hartford Accident & Indemnity Company, Inc., was sustained and the suit against it dismissed. The record contains an exception of no right or cause of action, which appears to have been filed at the instance of said Benton, but the minutes of the lower court do not show that it was done by the authority of the court. It is not mentioned in Benton's brief, so it requires no action on our part.

Benton filed an answer in which he denies all of the acts of negligence alleged against him. He alleges that the collision was caused by negligent driving on the part of Sidney Bovard. Benton denies that he was negligent in any way, but, in the event the court holds otherwise, he, in that event, alleges that Welch was guilty of negligence which contributed to bring about the collision in which he was injured, and that plaintiff,

claiming under Welch, cannot recover on that account. He prays that plaintiff's demand be rejected.

The court rendered judgment in favor of the plaintiff and against Cecil Bovard for the amount claimed in its petition, but its demand against Sidney Bovard and D. M. Benton was rejected.

The plaintiff appealed from the judgment rejecting its demand against Sidney Bovard and D. M. Benton, but in its brief it only argues for the reversal of the judgment rejecting its demand against Benton. Benton does not complain of the overruling of his plea of prescription. The plaintiff did not appeal from the judgment sustaining the exception of no right or cause of action, filed by Hartford Accident & Indemnity Company, Inc. Consequently, the only question before us is whether the court ruled correctly in rejecting plaintiff's demand against Benton.

■■ Plaintiff alleges that, as carrier of the insurance taken out by Loose-Wiles Biscuit Company in favor of its employees, having paid the damage sustained by Welch in the collision between the automobile driven by Benton and that driven by Sidney Bovard, it avails itself of the right of action created in its favor by Act No. 20 of 1914, § 7 (No. 247 of 1920, p. 468), that its said settlement with Welch was approved by the court, and the record of the suit showing said facts is said to be annexed to and made part of its petition.

The record is not annexed to its petition and was not offered in evidence, and the alleged settlement is denied by Benton, but, as plaintiff's averments on the subject were proved on the trial without objection, the fact of the issuance of the insurance, approval of the court, and settlement, satisfactorily appears. The action brought by the plaintiff is within the authority of London, Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. R. Co., 153 La. 287, 95 So. 771, and other cases upholding such right.

But under the authority of the case cited, its right to recover of Benton depends on whether Welch could have done so. Plaintiff's averments against Benton are that he was driving at a reckless and excessive rate of speed, approximately 35 miles an hour. On this question Sidney Bovard, witness for plaintiff, testified that Benton was driving as he came, meeting him at about 25 or 30 miles an hour. But Benton, Welch, and L. S. Gill, the latter a disinterested witness, estimate Benton's speed at about 15 miles an

hour, which was not excessive. The preponderance of the proof is to the effect that Benton's speed was not excessive.

Plaintiff avers that Benton was not keeping a proper lookout and was operating his automobile in disregard of other traffic and the rights of others. This averment is not supported by evidence that would justify such a conclusion.

Plaintiff avers that Benton should have seen the approach of the automobile operated by Sidney Bovard in time to have avoided the accident. Benton was going west on Government street and Sidney Bovard was coming east on the same street. The direction in which each was traveling required each to be driving on the right-hand side of the street in the direction he was going and the trouble was not that Benton failed to see Sidney Bovard coming meeting him, but it was because Sidney Bovard, upon getting near to Benton and at the same time near the place where South Twelfth street intersects Government street, suddenly turned his car to the left across Government street in front of Benton, who at the time was just a little ahead of a street car also going west on Government street. Bovard's purpose in turning to his left across Government street was to enter South Twelfth street, but Benton himself was so close to the South Twelfth street intersection at the time and the street car so close at hand that Benton could not have swerved to his left in an effort to avoid Bovard, even had there been time in which to do it, except by taking the serious risk of being struck by the street car. Bovard in fact turned so quickly and close in front of Benton that the collision on the part of Benton was unavoidable and was due to the fault of Bovard in turning as he did across the street.

Plaintiff alleges that Benton was guilty of negligence in speeding up and passing the street car when said street car obstructed his vision and necessarily prevented him from having a clear view of the intersection and of cars being operated east on Government street. The evidence does not support this charge.

Plaintiff alleges that Benton was guilty of negligence in not applying his brakes and bringing his automobile to a stop or slowing down and driving his automobile to the left and passing behind the Bovard car. The evidence is to the effect that Benton did apply his brakes, but Bovard was too close to him when he suddenly turned and created the emergency situation; that Benton could

not stop or slow down in time to save striking the Bovard car, which resulted in the injury sustained by Welch. If Benton had checked his speed and swerved to the left, he might have been struck by the street car.

■ The plaintiff finally alleges that Benton was guilty of negligence in operating his car in a negligent, careless, and incompetent manner on a busy thoroughfare at or about the hour of 8:30 p. m. in contravention of the laws of this state and of the ordinances of the city of Baton Rouge. The evidence does not show the negligent, careless, and incompetent operation alleged. The evidence does not show that Government street is a state highway, but, if such had appeared, we do not find that Benton's driving was in violation of the law. And as for the ordinances of the city of Baton Rouge, bearing on and regulating the operation of automobiles on the streets, the ordinances were not offered in evidence and are not before us. We are therefore unable to consider them in connection with the case.

The plaintiff has failed to show by a preponderance of evidence on any material point in the case that Welch, had he sued Benton on account of his injuries, would have had the right to recover. Therefore under the authority of Cusimano v. N. O. Public Service, Inc., 170 La. 95, 127 So. 376, plaintiff's demand is rejected.

Judgment affirmed; the costs of appeal to be paid by plaintiff-appellant, the costs in the lower court to be paid as ordered by the lower court.