67 So.2d 130 (1953)
JOHN M. WALTON, INC. et al.
v.
McMANUS.
No. 3714.
Court of Appeal of Louisiana, First Circuit.
June 30, 1953.
Rehearing Denied September 15, 1953.
Cahn, Provensal & Faris and John W. Bryan Jr., New Orleans, for appellants.
Dalton J. Barranger and Frederick S. Ellis, Covington, for appellee.

*131 LOTTINGER, Judge.
This is a suit by John M. Walton, Inc., John M. Walton, Mrs. John M. Walton and the Allied American Mutual Fire Insurance Company, against Rev. O. L. McManus for damages done to the automobile of John M. Walton, Inc., as a result of an automobile collision. The petition alleges that the Allied American Mutual Fire Insurance Co. was the collision insurer of John M. Walton, Inc., and, having paid the damages under said policy, has been subrogated to the rights of John M. Walton, Inc. All the petitioners pray for judgment in favor of the insurance company, and against defendant, in the sum of $513, the amount of damages paid by the insurance company. After trial on the merits, the defendant filed an exception of no right or cause of action, which was maintained by the lower court and the petitioners' suit was dismissed. The petitioners have appealed.
The suit was dismissed below merely on the basis of the exception of no right or cause of action, and not on the merits. Therefore, the only question before us is whether or not said exception was properly sustained.
The petition was filed by John M. Walton, Inc., the alleged owner of the vehicle, John M. Walton, the driver, Mrs. John M. Walton, a passenger and treasurer of said corporation, and the Allied American Mutual Fire Insurance Company, the insurer of the vehicle. Under the collision policy, the insurance company paid the damages sustained to the vehicle in the sum of $513. The petition prays for judgment in favor of the insurance company and against defendant, Rev. O. L. McManus in the sum of $513.
On trial of the matter, the petitioners introduced into evidence what purported to be a subrogation of the claim to the insurance company. The body of said subrogation contained the name, John M. Walton, Inc., as the subrogor, but the instrument was signed by Mrs. Walton. The alleged act of subrogation is questioned by the defendant, he claiming that it is not a subrogation but it is a proof of loss.
The defendant further contends that his exception should be maintained because there is some question as to who is the owner of the vehicle in which the Waltons were riding at the time of the accident. The petition and subrogation, or proof of loss, state that the vehicle was the property of John M. Walton, Inc. On trial of the case Mrs. Walton testified that it was her car, and Mr. Walton testified that it was his car. The defendant claims that there is no proof that the car belonged to the corporation, and that, therefore, neither the corporation or its insurer has any claim for damages.
The defendant first filed an answer with reconventional demand. After trial on the merits, an exception of no cause or right of action was filed on behalf of defendant. The lower court maintained the said exception and dismissed the claim of petitioners and the reconventional demand of defendant. Petitioners have taken this appeal.
The lower court, in its reasons for judgment, stated:
"As a general rule the prayer of the petition is not only decisive of the nature of the suit, but it is controlling in respect to the parties who can recover, as well as the amount. Of course, I realize the prayer of the petition must be read in connection with the various allegations of the petition and I have resorted to this procedure in a consideration of the prayer of the petition. By reading the whole of the petition in connection with the prayer of same I can reach no other conclusion than that the only real plaintiff in this suit is the Allied American Mutual Fire Insurance Company, claiming damages under an alleged subrogation, not proven, from an alleged owner of an automobile which the evidence shows was not the actual owner, and therefore, incapable of granting a subrogation. Further than this, there is no subrogation proven."
We agree with the finding of the lower court to the effect that the instrument *132 introduced by petitioner was a proof of loss rather than an act of subrogation. The document itself is headed "Proof of Loss". Nowhere in said document is there any assignment of right by Walton, Inc. to the insurance company. There is no question but that same was issued on behalf of John M. Walton, Inc. This proof of loss was signed by Mrs. Walton. Although her official capacity is not stated in said instrument, it is obvious from a full reading of same that she executed same as treasurer of said corporation.
Although there is no act of subrogation to the insurance company in the record, we believe that the said company still might assert its rights under the laws of our state. The courts of this state have held that where an insurer has paid damages to an automobile as a result of a collision with vehicle of another, the right of subrogation to the extent of said payment exists by virtue of Article 2315 of the LSA-Civil Code, which gives a right of action to anyone who is injured or damaged through the fault of another. In London Guarantee & Accident Insurance Co. v. Vicksburg S. & P. R. Co., 153 La. 287, 95 So. 771, 772, the Supreme Court, in discussing the contention as to whether an act of subrogation is necessary in such a situation said that the right of an insurer to sue in such a situation:
"* * * arises from the general provisions of article 2315 of the Civil Code. The article gives a right of action for damages to any and every one who is injured by another's fault. If the loss of $515 which the surety company has sustained was caused by the fault or negligence of the railroad company, the latter is answerable directly to the surety company for the loss."
This holding of the Supreme Court has been followed in Universal Automobile Ins. Co. v. Manisalco, La.App., 148 So. 731, and in Hansen v. Hickenbotham, La.App., 61 So.2d 620. Furthermore, in the present case we have as parties plaintiff all of the parties to the action and they are all praying for damages on behalf of the insurance company.
There, no doubt, is merit to the contention that there is conflicting evidence in the record as to who owned the automobile driven by Mr. Walton. The petition and the proof of loss introduced show that the automobile was owned by John M. Walton, Inc. On trial of the matter, Mr. Walton was asked the question: "You were driving your automobile Mr. Walton?" he replied: "I was." Mrs. Walton was asked the question: "You say you are the owner of the automobile in which you and Mr. Walton were driving?" She replied: "I was the owner at the time". There is, therefore, some question as to who was the owner of the car at the time of the accident.
Under the circumstances of the present case where all the parties are joined as parties plaintiff, we do not believe that the discrepancy in testimony as to ownership of the car would be of such importance as to deny recovery on the part of the insurance company. All of the petitioners have alleged that the insurance company has paid for the damages to the automobile. There is, therefore, no question but the right of action, at a later date, by any one of the said parties for these damages could be objected to by a plea of res adjudicata. The damages to the automobile have been paid by the insurer and, under the doctrine as laid down in London Guarantee & Accident Insurance Co. v. Vicksburg, supra, the insurance company is now entitled to collect from the tort-feasor, if the merits of the case should show defendant the party at fault. Any recovery by the insurance company would settle any question by any of petitioners for the same damages at a later date. We believe that the exceptions by defendant should have been overruled, and judgment on the merits should have been rendered.
For the reasons assigned the judgment of the lower court is hereby reversed and there is judgment herein overruling the exception of no cause or right of action filed by defendant and remanding the suit to the lower court for judgment on the merits. Appellee is to pay the costs of this appeal.
Judgment reversed and cause remanded.