102 So.2d 248 (1958)
LUMBER MUTUAL FIRE INSURANCE COMPANY
v.
Caroline KEMP, Albert Davis and Sidney Kemp.
No. 4594.
Court of Appeal of Louisiana, First Circuit.
April 21, 1958.
Henry N. Richardson, Bogalusa, for appellant.
*249 Talley & Anthony, Bogalusa, for appellees.
ELLIS, Judge.
The defendant, Sidney Kemp, father of the minor, Caroline Kemp, has appealed from a judgment against him in favor of the plaintiff for the alleged negligence of his daughter as the driver of the Buick automobile belonging to Albert Davis, and which was involved in an intersectional collision in the City of Bogalusa, on April 6, 1956. The plaintiff also appealed from a dismissal of its suit against the defendant Albert Davis, but has abandoned the appeal in this court, and it is therefore not necessary to consider this defendant's liability, although he was the owner of the automobile which the minor was driving with his express permission and authority and he was present in the car prior to and at the time of the collision.
On April 6, 1956 at about 6:45 P.M. Mrs. Roy Tynes, wife of the petitioners' assured, was driving her husband's automobile in a westerly direction on Huron Street in the City of Bogalusa, Louisiana. When she reached its intersection with Potomac Street, which runs north and south, and upon entering this intersection a collision occurred between her automobile and the one owned by the defendant Davis and being driven by Miss Caroline Kemp, who at the time was approximately 18 years of age.
Certain exceptions were filed in the lower court, among which was one of no right or cause of action on behalf of the minor defendant, Caroline Kemp, upon the basis of her minority and lack of capacity to stand in judgment, which was sustained. No appeal was taken from this ruling and therefore any discussion or statement by this court that the ruling was in error on this particular exception would be obiter dictum.
Counsel for the appellant questions the right of the plaintiff-appellee to bring this action without a conventional subrogation executed by Roy Tynes, the owner of the car which it alleges was negligently struck and damaged by the Davis automobile driven by the minor daughter of the appellant, Sidney Kemp.
Counsel relies upon the case of Dupuy v. Graeme Spring and Brake Service, 19 So.2d 657, 659, decided by the Orleans Court of Appeal and particularly the following statement made by the court therein:
"* * * In Louisiana the insurer is not, by the payment of the claim or a part of it, automatically subrogated pro tanto to the right of the payee against the tort feasor. See Mayer on Workmen's Compensation Law in Louisiana, page 40; Bouchon v. Southern Surety Company, 151 La. 503, 91 So. 854. See also LSA-C.C. Arts. 2643, 2466."
In the present suit, plaintiff-appellee alleged that as a result of the accident damage was done to the automobile of his assured in the full sum of $633.31 and it was forced to pay the sum of $583.31 after the $50 deductible had been deducted, and it was therefore entitled to recover judgment in this amount, as it was subrogated "as a matter of right and as a matter of law to the damages that it was forced to pay in this matter. Your petition has the right to proceed on the basis of this subrogation." We find no fault with the case cited, however, it is not applicable, as this suit is not filed on any conventional subrogation and the simple question presented is whether the plaintiff-appellee had a right of action without the execution of a conventional subrogation. Our Supreme Court and the Courts of Appeal, including the Orleans Court, have held that an assured who is forced to pay under its contract of insurance as the result of the negligence of a third party has a right of action under Article 2315 of our LSA-Civil Code for such a loss, without the execution of a conventional subrogation. *250 London Guarantee and Accident Insurance Company v. Vicksburg, S. & P.R. Company, 153 La. 287, 95 So. 771; Universal Automobile Insurance Company v. Manisalco, La.App.Orleans, 148 So. 731; Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539; Foster and Glassell Company v. Knight Brothers, 152 La. 596, 93 So. 913; Hansen v. Hickenbotham, La.App.Orleans, 61 So.2d 620; John M. Walton, Inc., v. McManus, La.App. First Circuit, 67 So.2d 130; Lumbermen's Mutual Insurance Co. v. Ruiz, La.App. First Circuit, 77 So.2d 84.
Therefore, the objection to plaintiff's cause or right of action on this ground was properly overruled.
Defendant-appellant contends that his minor daughter was free of any negligence and in the alternative that Mrs. Tynes, the driver of the car upon which appellee carried insurance, was guilty of contributory negligence. Let us examine the record with these contentions in mind.
On the evening of the accident Mrs. Tynes was proceeding west on Huron Avenue in the City of Bogalusa, while Miss Kemp was proceeding north on Potomac Street. These streets are practically 18 feet in width and the intersection was not controlled by any device, such as a light or stop sign and under Section 21-39 of the City of Bogalusa, Louisiana, is the same provision as contained in LSA-Revised Statutes 32:237, which grants the right of way at such an intersection to any vehicle approaching from the right and, therefore, Mrs. Tynes had the legal right of way. The drivers of both automobiles saw each other as they approached this intersection and both were traveling at a slow rate of speed, estimated at approximately 15 miles an hour, as they came to the intersection. Miss Kemp testified that she approached the intersection first and came to a stop because she knew that Mrs. Tynes had the right of way and she intended to wait for her to cross the intersection first but that as Mrs. Tynes got to the intersection she slowed down to such an extent, almost stopped, that Miss Kemp thought that she was inviting her to cross the intersection first and she therefore started slowly out to cross the intersection. When she reached about the middle of the northeast quarter of the intersection in an effort to avoid the collision she swerved to her left and Mrs. Tynes attempted to pull to her right but the two cars collided on their front right and left fenders respectively and came together and ended up in a northwesterly direction from the point of impact.
Mrs. Tynes testified that she saw the automobile driven by Miss Kemp some 100 feet before it got to the intersection and as she approached it she also saw her slow down and that when she arrived at the intersection it had almost come to a stop, and at this point she had slowed her automobile down considerably but then continued out into the intersection and stated that she was struck by the Kemp automobile in the northwest quarter of the intersection. Mrs. Tynes testified positively that she arrived at the intersection first and that is why she proceeded on into it and not because she knew she had the right of way. In fact she testified that she did not know that she had the legal right of way, however, this is more or less immaterial. According to the preponderance of the testimony she did not arrive at the intersection first and the accident occurred in the northeast quarter of the intersection. Be this as it may, Miss Kemp was negligent in proceeding into the intersection before Mrs. Tynes came to a stop and plainly indicated or invited Miss Kemp to proceed first across the intersection. Mrs. Tynes under the law had the right to assume, when she saw the Kemp car either stopped or almost stopped, that her right of way would be honored. We do not believe that Mrs. Tynes' actions in materially reducing her speed just prior to entering the intersection was a sufficient invitation for Miss Kemp to proceed into the intersection from an unfavored street. *251 We therefore believe that the lower court was correct in holding Miss Kemp guilty of negligence.
We have in recent cases restated the law with regard to an intersectional collision in which two vehicles approached or entered an intersection at approximately the same time to be as follows:
"* * * A motorist crossing an intersection has the right to rely on the assumption that those approaching it will respect his right of way and accordingly he may proceed. If, however, in driving on the favored street he sees, or in the exercise of due care should see, that the other vehicle neglected to make the stop required by law, the motorist may himself be under a duty of stopping if by the exercise of reasonable care on his part the accident could have been avoided * * *" Commercial Credit Corporation v. Serpas, La.App., 94 So.2d 83, 85.
See also Gautreaux v. Southern Farm Bureau Casualty Co., La.App., 83 So.2d 667; Guillory v. Frank, La.App., 95 So.2d 197.
Applying the quoted law to the facts of this case Mrs. Tynes was under no duty to continue a steady observation of the car being driven by Miss Kemp after she saw it apparently stopped or stopping for the intersection and when she realized, an instant before the collision or not until the moment of the collision, that Miss Kemp had proceeded into the intersection, it was impossible for her to avoid the collision. She had no chance to avert the crash.
Therefore for the above and foregoing reasons the Judge of the lower court was correct in finding Miss Kemp's negligence as being the sole proximate cause of the accident, and Mrs. Tynes as not being guilty of contributory negligence barring her recovery.
Judgment affirmed.