107 So.2d 76 (1958)
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
v.
Mrs. Helen COSTA.
No. 21075.
Court of Appeal of Louisiana, Orleans.
December 1, 1958.
Rehearing Denied December 15, 1958.
*77 Jesse S. Guillot, New Orleans, for defendant and appellant.
Kalford K. Miazza and Kent Satterlee, Jr., New Orleans, for plaintiff and appellee.
McBRIDGE, Judge.
The plaintiff is the collision insurer of the 1950 DeSoto coupe of Clifton Jones which, in an accident with the automobile of defendant, was damaged beyond repair on January 7, 1956, at about 3:25 a. m., at the intersection of St. Bernard Avenue and North Galvez Street.
Said collision insurer paid to its insured, Jones, the amount of his loss (less $75) resulting from the accident which amounted to $378.61, taking from the insured a subrogation of his claim against the tortfeasor, the defendant, to said amount, and as Jones' subrogee it now sues the defendant to recover from her the amount it paid under its policy liability to Jones. Judgment went against defendant in plaintiff's favor in the trial court and defendant has taken this appeal.
The trial judge referred to the merits of the case defendant's exception of no cause or right of action which has its foundation on the argument that there was not annexed to the petition a copy of the subrogation upon which the plaintiff based its suit. We now overrule the exception if for no other reason than that the document was annexed to the petition, this fact being admitted by the appellant in her brief.
Appellant attacks the validity of the subrogation on the ground that "it is not properly witnessed nor is it before a Notary *78 Public in compliance with the Civil Code and the law of this State."
That argument cannot prevail here. No conventional subrogation was necessary as it is well established in our jurisprudence that the loss the insurance company incurred under its policy because of the accident may be recovered in a direct action brought under LSA-C.C. art. 2315 by the insurer against the tort-feasor.
We engaged upon a full discussion of this proposition in Hansen v. Hickenbotham, La.App., 61 So.2d 620, 622, wherein we stated:
"The question raised by the objection to the subrogation seems to have been passed upon by our Supreme Court in London, Guarantee & Accident Insurance Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771, 772, in which the court, in discussing that identical contention with reference to whether subrogation is necessary in such case, said that the right of an insurer to sue in such situation
"`arises from the general provisions of article 2315 of the [LSA-] Civil Code. The article gives a right of action for damages to any and every one who is injured by another's fault. If the loss of $515 which the surety company has sustained was caused by the fault or negligence of the railroad company, the latter is answerable directly to the surety company for the loss. * * *'
"We followed this ruling in Universal Automobile Ins. Co. v. Manisalco, La.App., 148 So. 731."
Other cases to that effect bearing on the point at issue are Lumber Mutual Fire Insurance Company v. Kemp, La.App., 102 So.2d 248; John M. Walton, Inc. v. Mc-Manus, La.App., 67 So.2d 130; Lumbermen's Mutual Insurance Co. v. Ruiz, La. App., 77 So.2d 84, 85. In this latter case we said:
"It was only necessary for plaintiff to allege and prove payment in accordance with its contract of insurance and this it clearly did."
The petition alleges, among other specifications of negligence, that the accident occurred because defendant failed to heed a red signal light at the intersection. The defendant denied any negligence on her part and, in the alternative, sets up the plea that Jones, plaintiff's insured, was guilty of contributory negligence which bars a recovery by plaintiff.
The intersection at which the accident happened is controlled by the conventional traffic light composed of green, red, and amber lights, and the turning point in the case must be which of the motorists had the favorable light.
Jones was proceeding in a downtown direction on North Galvez Street, and he states that the light showed green, or favorable to him, as he neared St. Bernard Avenue, and that he continued onward and was at about the middle of the intersection when the right side of his automobile was run into by Mrs. Costa's automobile.
On the other hand, Mrs. Costa claims that she, proceeding out St. Bernard Avenue in the direction of the lake, had the favorable green light and that her automobile struck the Jones' car as it emerged into her path from North Galvez Street. She insists Jones must have entered the intersection on a red light because she made entry therein and was moving on the green light in her favor.
In addition to the two motorists a witness named Walker appeared for the plaintiff, and his statement is that he was driving on St. Bernard Avenue in the direction of the river, or opposite to the direction which Mrs. Costa travelled, and had stopped at Galvez Street because the light was red, and that his automobile was in the stopped position when Mrs. Costa entered Galvez Street. Walker states positively that Mrs. Costa attempted the ill-fated *79 crossing of Galvez Street on the unfavorable light which also faced him.
The trial judge unquestionably believed Jones and Walker else he could not have decided the case in plaintiff's favor. In other words, he rejected the testimony of Mrs. Costa which is uncorroborated from any source. Whatever question of veracity there was to be judged, our brother below resolved it in favor of the plaintiff and we are not prepared to say he erred. There is nothing in the testimony of either Jones or Walker which borders on the inconsistent or which would lead the judicial mind to believe that they were not telling the truth, and under the circumstances we could hardly be expected to discard their testimony and to accept Mrs. Costa's statements in its stead. There is a discrepancy as between the testimony of Jones and his witness, Walker, with respect to the color of the Costa car and Walker could not identify Mrs. Costa in the courtroom, but these matters are not of such nature as would affect the veracity of either because it must be remembered that the accident happened about 3:25 in the morning and the case was tried nearly eighteen months thereafter and such unimportant details might be easily forgotten. Appellant's counsel also argues that it is unreasonable to suppose that Jones who saw Walker many times after the accident had not spoken to him about it, but we attribute no especial significance to this contention. Throughout the testimony there does not appear any indication that Walker might be biased in favor of Jones or that he was antagonistic toward Mrs. Costa or that he had any interest whatsoever in the case which would tend to taint his testimony with suspicion. We believe that this is that type of case to which should be applied the time-honored rule that where a question of veracity of witnesses is involved, the factual findings by the trial court should not be disturbed when no manifest error appears in the judgment. We find no error whatever.
Alternatively, Jones is charged with contributory negligence, the basis of the plea being that he saw the Costa automobile a block before it reached the North Galvez Street intersection and that he should have done something to avoid the collision. It is true Jones did see Mrs. Costa's car when it was at North Johnson Street, a block away from the intersection but Jones stated he knew he had the green light in his favor and continued onward without paying any further attention to the Costa car because he believed that it would be brought to a stop in obedience to the red light signal when it reached North Galvez Street. We believe that Jones had a right to assume the other driver would stop for the red light before entering the intersection. It is well established that a motorist has a right to assume, in such case, that the motorist on the intersecting street will obey traffic signals. Authorities on this point are too numerous to require citation.
The method by which plaintiff sought to prove the amount of its liability to Jones and the damage it suffered by virtue of the accident was also a matter of discussion between the litigants. Appellant contends that the proof of loss and damage adduced is insufficient to support the judgment in plaintiff's favor.
In order to prove its loss, the plaintiff called only one witness, Decker, who stated he has been a claim adjuster for twenty-seven years. The plaintiff company secured estimates from two concerns engaged in the business of repairing automobiles of the cost of labor and parts which would be necessary to restore the insured's automobile to the condition it was in before the accident. One estimate aggregated $633.17 and the other was for $515.94. Decker states that the usual procedure is, after an estimate is obtained for the repairing of an automobile, to have an examination made of the automobile for the purpose of checking the physical condition of the car against the *80 estimate in order to determine whether the bidder is correct as to the parts and labor necessary for the repair job. This check was made by the witness and the estimates coincided with the physical damage shown by the automobile.
However, it developed that both estimates were in excess of the actual value of the automobile as shown by what Decker called the Red Book, which is a guide used in the appraisal of used or secondhand automobiles. A car of the type of the insured's was carried in the Red Book at a valuation of $450, which Decker thought was reasonable and which amount was acceptable to the assured and the loss was adjusted on that basis. Plaintiff's contract liability to its insured was the valuation of the automobile when it appeared that the cost of repairs would have exceeded the actual value of the vehicle.
We are satisfied that the adjustment of the loss in this case was proper, and that Decker although he did not make the estimates himself did compare them with the car itself and was able to verify that the items shown on the estimates were the identical repairs which would be necessary to correct the damage resulting from the accident. The automobile was seven years old at the time the case was tried, and we do not doubt that it was worth less than it would have required to place it in the same mechanical condition as existed before the accident. The insurer sustained a net liability on its policy of $303.61, computed as follows:

Value of automobile ......................... $450.00
Towing charges .............................. 3.61
 _______
 $453.61
Less:
Sale of wrecked vehicle (salvage) .. $75.00
Deductible portion of policy ....... 75.00 150.00
 ______ _______
 $303.61

There is no contention made that the estimates or the valuation of the automobile adopted for the purpose of settling the loss are not correct and there is no countervailing evidence bearing thereagainst. The same may be said regarding the salvage received from the wrecked automobile. Had there been some evidence from defendant that the amount claimed by plaintiff was not the true amount due, perhaps then plaintiff would have been required to present additional evidence, but as conditions are, we believe the loss, which was adjusted in the usual course of business by the insurer, to be adequately proved.
Appellant also complains that the trial judge upon objection by plaintiff improperly excluded from the evidence a certain release from liability supposedly signed by Jones in favor of Mrs. Costa. The nature of the objection which plaintiff's counsel made to the introduction of the document in evidence was that Jones executed it subsequent to the date he made the subrogation to his insurer.
The document in question is addressed to the Safety Responsibility Division of the Department of Public Safety, Baton Rouge, Louisiana, and in it Jones certified that he has released Mrs. Helen Costa from all claims and causes of action arising from the accident, and he authorized the Department of Public Safety to accept the certification as satisfactory evidence of such release from liability as required by the Safety Responsibility Law (LSA-R.S. 32:872). We discussed such a release in the case of Haley v. Badon, La.App., 98 So.2d 109.
We are sure that the document, which is contained in the record, even if it be considered as a receipt, release, remission, or other avoidance of debt, cannot bind the plaintiff, which was Jones' insurer and paid him the amount of its liability under the policy contract. We have stated before that the insurer has, under LSO-C.C. art. 2315, a direct cause of action against the tort-feasor for the amount of loss and damage it sustained under the provisions of its policy because of accident, and certainly Jones had not the power to validity release Mrs. Costa from any liability *81 thus arising in favor of his insurer. Even if admitted in evidence, the document could have no bearing on plaintiff's right to recover and the ruling of the trial judge complained of is of no moment.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.