LOTTINGER, Judge.
For the reasons assigned in the companion case of Pellegrin v. Canal Insurance Company, 111 So.2d 563, this day handed down, the Judgment appealed from is correct in awarding damages to the plaintiff herein.
The trial judge assessed damages as follows:
“The Pellegrin automobile was rated a total loss and was valued at $1,220.00, $1,170.00 of which amount was paid to Pellegrin by the St. Paul Mercury Insurance Company, which holds a subrogation for that amount. Accordingly, for that item there should be judgment in favor of St. Paul Mercury Insurance Company for $1,170.00, and for Evest P. Pellegrin, for $50.00.
“There are stipulations in the record covering the hospital and doctor bills of Mr. and Mrs. Pellegrin, and other incidentals aggregating the sum of $657.17, for which there should be *569 judgment in favor of Evest P. Pelle-grin.
“The plaintiff Pellegrin claims $300.00 for loss of earnings while disabled. Pellegrin’s business was that of making and repairing trawls and nets for fishing boats. He has been in that business ten years. His work involved buying, selling, repairing and supervising. Pellegrin testified that during his busy session his working hours are from 2:00 a. m. to 5:00 p. m., depending upon the amount of work to be done, which varies from day to day, and that during such times his earnings were estimated at $25.00 per day. He stated that he suffered his disability from the accident during his busy season.
“The testimony of Dr. Givens was that Pellegrin was in the hospital from April 19th to April 25th, and that thereafter he was at the home of his son-in-law four or five days. Pelle-grin’s testimony is that he was confined to his home for a week after his return, and that when he did return to his business, he was unable to do any work except supervise for some time. The testimony indicates that he was totally disabled for about 17 days, and partially disabled for an unspecified time thereafter. The plaintiff estimated that he lost fifteen days of work, and that his loss of earnings was $300.00. We find that estimate to be reasonable.
“Pellegrin testified that his left knee was hurt, that he was cut under the chin and on the right arm and his ‘stomach was smashed behind the steering wheel post’ and that ‘he was hurt all over, side, front and all was paining’.
“The doctor’s testimony is that Pel-legrin suffered a fracture of the ‘fifth, third, and fifth ribs’, lacerations of the chin, lacerations of the upper left leg, both of which required suture, and contusions all over the chest and on his legs. While the doctor stated that there were no clinical findings of any residual, Pellegrin testified that he still feels discomfort in his midsection at this late date whenever he attempts to raise anything heavy.
“For the injuries described and the pain and suffering incidental thereto, we fix damages in the sum of Three Thousand, seven hundred fifty dollars ($3,750.00).
“For the reasons assigned,
“It is ordered, adjudged and decreed that there be judgment in favor of Evest P. Pellegrin and against the defendants, Aubrey J. Guidry and Canal Insurance Company, jointly and in solido, in the sum of Four Thousand, seven hundred fifty-seven and 17/100 dollars ($4,757.17), with legal interest thereon from judicial demand until paid, and for all costs'.
“It is further ordered, adjudged and decreed that there be judgment in favor of the St. Paul Mercury Insurance Company and against the defendants, Aubrey J. Guidry and Canal Insurance Company, jointly and in solido, in the sum of One Thousand, One Hundred seventy dollars ($1,170.00) with legal interest thereon from judicial demand until paid, and for all costs.”
We believe that the award for personal injuries is fair and the same is therefore affirmed.
Some contention has been raised as to whether the St. Paul Mercury Insurance Company was properly subrogated on the theory that payment by St. Paul to this plaintiff was not made concurrently with the execution of an article of subro-gation. This argument is without merit. It has been held that an act of subrogation is unnecessary in a situation such as this. In London Guarantee & Accident Insurance Co. v. Vicksburg S. & P. R. Co., 153 La. 287, 95 So. 771, 772, the Supreme *570 Court, in discussing the contention as to whether an act of subrogation is necessary in such a situation said that the right of an insurer to sue in such a case arises from the general provisions of Article 2315 of the LSA-Civil Code. The article gives a right of action for damages to any and every one who is injured by another’s fault. If the loss which the surety has sustained was caused by the fault of another the latter is answerable directly to the surety company for the loss. It is only necessary for plaintiff to allege and prove payment in accordance with its contract of insurance. See Lumbermen’s Mutual Insurance Co. v. Ruiz, La.App., 77 So.2d 84; John M. Walton, Inc. v. McManus, La.App., 67 So.2d 130. In the case at bar payment was alleged and proved in accordance with the contract of insurance.
It has been brought to our attention that St. Paul recovered a net salvage on the vehicle in the amount of $58.05, and credit must be given therefor. Accordingly, the judgment appealed from is amended so as to reduce the award in favor of St. Paul Mercury Insurance Company from the sunx of $1,170 to the sum of $1,111.95.
Judgment amended and affirmed.