125 So.2d 207 (1960)
EMMCO INSURANCE COMPANY
v.
NOLA CABS, INC., et al.
No. 21496.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1960.
*208 Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellant.
Henry L. Oulliber, Jr., and Robert J. Pitard, Robert J. Pitard, New Orleans, for defendants-appellees.
*209 SAMUEL, Judge.
This is a suit for damages to an automobile, insured by the plaintiff under a $50 deductible policy, resulting from a collision with another vehicle bonded by Nola Cabs, Inc., one of the defendants. The other two defendants are the driver of the second vehicle and his employer.
Those allegations of plaintiff's petition which are of importance here are:
"Your petitioner, the Emmco Insurance Company, had in full force and effect at the time of the said collision a policy of $50.00 deductible collision insurance, insuring the said James D. Bullman for damages to the said 1956 Ford automobile.
"The said policy of insurance also coinsured the Associates Discount Corporation, who held a chattel mortgage on the said vehicle.
"After the accident, the said vehicle was repossessed or voluntarily surrendered, and the Emmco Insurance Company was required under the terms of its policy to pay the sum of $194.54 to the Associates Discount Corporation, as loss payee under the policy."
To these allegations the defendants filed an exception of no cause or right of action based on the following grounds:
1. That a tort action cannot be split and this is the result here by reason of the fact that the plaintiff has a claim only for the amount which it actually paid under the policy and there is an additional amount of $50 (the deducted portion) which remains outstanding in another party.
2. Since the mortgaged automobile was surrendered to, and accepted by, the mortgagee without appraisal, the entire debt was satisfied and neither the mortgagee nor its subrogee can sue the mortgagor for any deficiency. Therefore there can be no suit against the tortfeasor.
The trial court maintained the exception and dismissed the plaintiff's suit. From this judgment the plaintiff has appealed.
In considering the exception of no cause or right of action, there being no evidence offered under right of action, the allegations of the petition are taken as true. Accordingly, we accept as a fact that the plaintiff has paid a loss incurred by its insured automobile as a result of damage caused by the defendant driver's negligence and files this suit for the amount so paid.
A collision insurer who is forced to pay under its insurance contract as a result of the negligence of a third party has a right and a cause of action under LSA-Civil Code Art. 2315 without the execution of a conventional subrogation. American Bankers Ins. Co. of Florida v. Costa, La. App., 107 So.2d 76; Lumber Mut. Fire Ins. Co. v. Kemp, La.App.,102 So.2d 248; Lumbermen's Mut. Ins. Co. v. Ruiz, La. App., 77 So.2d 84; John M. Walton, Inc. v. McManus, La.App., 67 So.2d 130.
Therefore the plaintiff is required only to allege payment in accordance with its contract of insurance and it has done this.
When the insurer paid the cost of repairs to the mortgagee, less the $50 deductible, it became subrogated for that amount and a joint creditor with the owner of the deducted $50 against the defendants. So it is quite possible that the defendants could be faced with two separate suits based upon only one cause of action in which the right of each plaintiff to recover would be dependent upon the same relevant facts and subject to the same defenses. This involves a multiplicity of suits and the law frowns upon such a splitting of a cause of action. See Fortenberry v. Clay, La.App., 68 So.2d 133; Norton v. Crescent City Ice Mfg. Co., 178 La. 135 and 150, 150 So. 855 and 859; Reed v. Warren, 172 La. 1082, 136 So. 59.
In our opinion, the instant case being different from Fortenberry v. Clay, supra, *210 because no judgment has been rendered in this, the only suit, while there was a judgment and payment thereof in the Fortenberry case, the failure to make the owner of the deducted $50 a party cannot be urged by an exception of no cause or right of action. This failure should be urged by an exception of non-joinder. However, in view of the new Code of Civil Procedure which becomes effective January 1, 1961, and particularly Arts. 643, 644 and 645 thereof, LSA, we are also of the opinion that the defendants should be given the opportunity of filing an exception of non-joinder if they desire to do so.
The second of the two grounds relied on by the defendants, that the entire mortgage debt was satisfied by the surrender of the damaged car without appraisal, is based upon the Deficiency Judgment Act (LSA-R.S. 13:4106, 13:4107), which provides that where the mortgagee or other creditor takes advantage of a waiver of appraisement by the debtor and provokes a judicial sale, without the benefit of appraisement, and the proceeds of such sale are insufficient to satisfy the debt, that debt nevertheless shall stand fully satisfied and discharged, insofar as said debt constitutes a personal obligation against the debtor.
Generally this act is only for the benefit of the mortgage debtor, and in certain cases his surety, and not for the benefit of third persons. See Guinn v. Houston Fire & Cas. Ins. Co., La.App., 32 So.2d 613; Simmons v. Clark, La.App., 64 So.2d 520.
The instant case does not involve a contest between a mortgagor and a mortgagee. The contest, as it exists now, is only between the subrogated insurer and the tortfeasors. We have not been referred to any case which extends the Deficiency Judgment Act so far as to protect tort-feasors who are not party to the mortgage, and we know of no such case. The claim against the tortfeasors remains for the benefit of the insurer which has paid its portion of the damages as well as for the benefit of both mortgagor and mortgagee, or either of them, according to their respective interests. We hold therefore that the intent and specific rationale of this act has no application to the present case.
For the reasons assigned, the judgment of the trial court is set aside, the exception of no cause or right of action overruled, and the case remanded to the lower court to be tried in accordance with the views expressed herein, reserving to the defendants the right to file the pleadings herein indicated, the cost of this appeal to be borne by the defendants.
Reversed and remanded.