132 So.2d 240 (1961)
AETNA CASUALTY & SURETY COMPANY, Plaintiff and Appellee,
v.
Homer ALLEN, Defendant and Appellant.
No. 319.
Court of Appeal of Louisiana, Third Circuit.
July 12, 1961.
Provosty, McSween, Sadler & Scott, by LeDoux R. Provosty, Jr., Alexandria, for defendants-appellants.
Gold, Hall & Skye, by Jimmy M. Stoker, Alexandria, for plaintiffs-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This is a damage suit in which plaintiffs seek to recover the cost of replacing a plate glass window in a commercial building owned by the estate of R. S. Thornton, deceased, and located in the City of Alexandria. Plaintiffs allege that the window *241 was broken when struck by an automobile driven by one of the defendants. The suit was instituted by J. A. White, Jr., executor of the estate of the deceased owner, and by Aetna Casualty & Surety Company, the comprehensive glass insurer of the building at the time of the accident. The defendants named in the suit are: Morock-Ford, Inc., the sub-lessee of the building; Homer Allen, the driver of the automobile involved in this accident; and John C. Whiddon, the owner of that automobile. After trial of the case on its merits, but before judgment was rendered, plaintiffs dismissed the suit as of non-suit as to Morock-Ford, Inc., one of the defendants.
The trial court rendered judgment in favor of Aetna Casualty & Surety Company and against Homer Allen for the sum of $130.09, being the full amount claimed, but the demands of plaintiffs against the remaining defendant, John C. Whiddon, were rejected. Homer Allen has appealed from that judgment.
The evidence establishes that this accident occurred on November 17, 1959. Some time prior to that date the building, of which the damaged plate glass window formed a part, had been leased by the owner, R. S. Thornton, to Andress-Abbott, Inc., and thereafter it had been sub-leased to Morock-Ford, Inc. The original lease between the owner and Andress-Abbott Inc., provided "that lessor shall maintain the said building in good repair and shall defray all expense of installation of sewerage, gas, and water connections and shall keep said building insured at its proper insurable value in the judgment of the lessor, including plate glass." (Emphasis added.)
Pursuant to the terms of this lease contract, the executor of the Succession of R. S. Thornton obtained insurance on the building, including comprehensive glass insurance, from Aetna Casualty & Surety Company. After the damage to the plate glass window occurred, the insurer paid the sum of $130.09 to the Succession of R. S. Thornton and obtained a conventional subrogation agreement from J. A. White, Jr., executor of that succession. The executor of this estate then joined Aetna Casualty & Surety Company, the insurer-subrogee, in instituting this suit.
The record reveals that the plate glass window was broken when struck by an automobile which was owned by John C. Whiddon and was being driven by Homer Allen. Allen and Whiddon at that time were both employees of Morock-Ford, Inc., Allen being employed as a car salesman and Whiddon being employed as a mechanic.
Although plaintiffs alleged in their original petition that the proximate cause of the accident was the concurrent negligence of defendants Allen and Whiddon, they contend in this court that the sole proximate cause of the accident was the negligence of Allen in failing to maintain proper control of the vehicle he was driving. Defendant Allen denies any negligence on his part, but on the contrary he contends that the sole proximate cause of the accident was the negligence of Whiddon in failing to maintain the brakes of his automobile in proper working order, and in allowing Allen to drive the car without warning him of the defective condition of such brakes. Whiddon denies that he was negligent, contending that his brakes were in good condition and that he did not at any time authorize Allen to drive his car.
The trial judge did not assign written reasons for his judgment, but it is apparent from the decree which was rendered that he concluded that Whiddon was free from negligence and that the sole proximate cause of the accident was the negligence of Allen in failing to maintain proper control of the automobile which he was driving.
The evidence convinces us that the brakes on the Whiddon car were not defective at the time the accident occurred, and that the sole cause of the accident was *242 the negligence of Allen in failing to bring the car he was driving to a stop before it struck the window. In our opinion, therefore, the trial judge correctly held that the sole proximate cause of the accident was the negligence of Allen in failing to maintain proper control over the automobile he was driving.
Counsel for defendant Allen contends, however, that in spite of Allen's negligence, plaintiff insurance company does not have a right of action against him. He argues that under LSA-C.C. Art. 2716, the lessee is responsible for "replacing window glass, when broken accidentally," and that the insurance policy issued by plaintiff insurer to the owner of the building was for the benefit of Morock-Ford, Inc., the sub-lessee, which thereby became an insured under the policy. His contention is that if Allen was negligent in breaking the glass, he "became responsible solely to Morock-Ford for damage done to the leased premises during the course of his employment," that "Homer Allen in his capacity as an employee of Morock-Ford and during the course of his employment breached no duty owed to and committed no tort against the Succession of R. S. Thornton," and that consequently the Succession of Thornton had no right or cause of action against Allen which it could subrogate to Aetna Casualty & Surety Company.
We think this argument is without merit. The owner of a building has the right to recover against a tortfeasor for damages done to the building. The fact that the sublessee, Morock-Ford, Inc., is responsible under LSA-C.C. Art. 2716 for replacing window glass when broken and that Allen may have been performing duties in the course and scope of his employment by Morock-Ford when the glass was broken does not relieve Allen from liability to the owner of the building. The question of whether Morock-Ford, Inc., as Allen's employer, is also responsible in damages is not before us because the suit has been dismissed as to that company.
Assuming that Allen's employer, Morock-Ford, Inc., was actually the "insured" under the policy issued by Aetna, as contended by counsel for Allen, we think that circumstances would not prevent Morock-Ford, or its subrogee, from maintaining an action for damages against Allen. The principal or master may recover from the agent or servant the amount of the damages which the principal has suffered by the wrongful acts of the agent. LSA-C.C. Art. 3003; Costa v. Yoachim, 104 La. 170, 28 So. 992; Hardtner v. Aetna Casualty & Surety Co., La.App. 2 Cir., 189 So. 365.
The jurisprudence of this State has been established to the effect that an insurer who is forced to pay under its contract of insurance as the result of the negligence of a third party has a right of action under Article 2315 of the Civil Code for such a loss, without the execution of a conventional subrogation. Appalachian Corporation v. Brooklyn Cooperage Company, 151 La. 41, 91 So. 539; Foster and Glassell Company v. Knight Brothers, 152 La. 596, 93 So. 913; London Guarantee & Accident Insurance Company v. Vicksburg, S. & P. R. Company, 153 La. 287, 95 So. 771; John M. Walton, Inc. v. McManus, La.App., 1 Cir., 67 So.2d 130; Lumbermen's Mutual Insurance Co. v. Ruiz, La. App., 1 Cir., 77 So.2d 84; McCoy v. State Farm Mutual Insurance Co., La.App., 3 Cir., 129 So.2d 66.
If Morock-Ford should be considered as the "insured" under Aetna's policy, therefore, then Aetna by virtue of the payment which it was compelled to make under that policy would be legally subrogated to the rights of that insured against Allen or anyone else for the amount which it was required to pay. Aetna, therefore, as the subrogee of either the owner of the building or of the sub-lessee, Morock-Ford, Inc., is entitled to recover from Allen.
*243 For the reasons herein assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.
Affirmed.