### ARCHIBALD P. HOWE v. JOHN FRAZER.

The surety in an appeal bond, who pays the amount of the judgment obtained against his principal, will, under art. 2157 of the Civil Code, be legally subrogated to all the rights of the plaintiff whose claim he has satisfied, and may, on a rule to show cause being made absolute, take out a *fi. fa.* against the bail in the suit, whose liability has been fixed, for the whole amount paid by him.

Under art. 2157 of the Civil Code, subrogation will take place, of right, in favor of one who has paid the debt he was interested in discharging : *first,* where he was bound *for* another ; *secondly,* where he was bound *with* another ; and *thirdly,* where he was bound *for the same debt for which another was bound.* The two first cases are provided for expressly ; and subrogation will be implied in favor of the person bound for the debt for which another was bound, on the presumption that he was induced to bind himself in consequence of the responsibility of the principal having been guarantied by the party first bound.

He who is bound *for* another, or *for the same debt* as another, and pays the creditor, is subrogated to all the rights of the latter against the principal ; but as to those *with* *whom* he is bound, he will be subrogated only for their virile portions.

APPEAL from the District Court of the First District, *Buchanan,* J. Howe having recovered $500 damages, in an action of slander against Frazer, the latter appealed, and the judgment was affirmed. (14 La. 375.) On the 28th of February, 1840, a *fi. fa.* was

issued against Frazer, and on the 9th of April the sheriff returned that no property had been found, after demand, &c. On the 13th of April a *ca. sa.* was taken out against him, and on the 18th June the sheriff returned that he could not be found. A rule was then taken by the plaintiff on Walker, the security on the appeal bond, to show cause why he should not be condemned to pay the amount of the judgment with costs, which was made absolute on the 4th June. A *fi. fa.* issued against the security, Walker, was returned on the 19th August, no property found. On the 21st of November the plaintiff took a rule on Norbert Vaudry, the security on the bail bond, to show cause why he should not be condemned to pay the judgment and costs, the *fi. fa.* having been returned unsatisfied, and the *ca. sa.* not found, which rule was made absolute on the 21st of December. A *fi. fa.* against Vaudry was returned on the 2d of March, 1841, no property found. An *alias fi. fa.* was issued against Walker on the 3d of September following, and on the 18th of November returned, satisfied by him. On the 14th of January, 1842, Walker took a rule on Vaudry to show cause why he should not be subrogated to the rights of the plaintiff against the latter, on the ground of his having paid the debt, and why a *fi. fa.* should not be issued against him, which was made absolute on the 3d of March. From the judgment making this rule absolute, Vaudry has appealed.

*Bartlette*, for the surety on the appeal bond.

*Grivot*, for the appellant. Vaudry was discharged from liability on the bail bond by the act of 28th March, 1840, abolishing imprisonment for debt. 17 La. 476, 509. By paying the debt, the surety on the appeal bond was not legally subrogated to the rights of the creditor against the bail. The former cannot be said to have bound himself on the faith of the bail; he trusted to the debtor only.

MARTIN, J. N. Vaudry is appellant from a judgment subrogating Walker to the rights of the plaintiff on a judgment obtained by the latter against Vaudry as bail of the defendant. The facts of the case are these : Walker became surety for the defendant on an appeal from the judgment in the case in which Vaudry was bail. The judgment having been affirmed, he paid its amount. In the meanwhile, Howe had obtained

judgment on the bail bond, executed by Norbert Vaudry in the original suit against Frazer. Walker contends that having paid for his principal in the appeal bond the judgment obtained against the latter by Howe, he was legally subrogated to all his rights, and consequently to those against Vaudry, as bail of the defendant. The subrogation is claimed as a legal one, and can only be so under that part of art. 2157 of the Civil Code, by which it is given " to him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it." Both Walker and Vaudry were bound *for* Frazer. If they be bound with each other, it can only be because they are bound for the same person. He who is bound for another, and pays the debt, is subrogated to all the rights of the creditor against the principal. But as to those with whom he is bound, if there be any, he is only subrogated for their virile part. It is not very clear that the parties are bound with each other, for they did not bind themselves together. They were, however, certainly bound for the same debt, which forms a third category, the first being a binding *for* another, the second *with* another, the third *for the same debt* as another. The Code has certainly made an express provision for the two first, and the question is, whether there is an implied one for the third. The reason for saying that the subrogation is implied in favor of the party who becomes last bound is, that he was induced to undergo the responsibility because the principal's solvency was guarantied by the person who first bound himself for him. This reason appears cogent. The person who first binds himself gives credit to the principal, and would wrong him, who under faith of this, superadds his responsibility, if the former declined to comply with his engagement to satisfy the debt if the principal does not. The same reasons which militate against the first accessory obligor so as to charge him with the whole debt, militate with perhaps little less force against his being charged with one-half of it only.

*Judgment affirmed.*