## Mahala Wood v. D. P. January.

The terms father and mother, used in Art. 1481 of the Civil Code, refer only to the *legitimate* father and mother of the disposer.

The natural parent cannot claim, as forced heir, any portion of the estate of his deceased illegitimate child, as against the universal legatee and instituted heir.

There can be no irregular succession, much less forced heirship, where the illegitimate child disposes of his whole estate by will.

APPEAL from the District Court of the Parish Catahoula, *Mayo,* J. James G. Taliaferro, for plaintiff and appellant. Smith & Spencer, for defendant.

MERRICK, C. J. The decision of this case turns upon the question, whether the natural mother can claim, as forced heir, any portion of the estate of her deceased illegitimate son, as against the universal legatee and instituted heir ?

It is true, that Article 1481 of the Civil Code declares that " Donations *inter vivos* or *mortis causa* cannot exceed two-thirds of the property, if the disposer, having no children, leave father or mother, or both. But the terms father and mother in this Article (as correctly argued by defendant's counsel) mean only the legitimate father and mother. The law on the subject of the inheritance by natural parents from their illegitimate children is treated of under another division of the Code, viz : that of " irregular successions." And by Article 874 it is apparent that there is no place for the irregular succession where there is an instituted heir. The article reads as follows : " Irregular successon is that which is established by law in favor of certain persons, or of the State in default of heirs either legal *or instituted* by testament."

These two last sorts of successions are the objects of the present title. Therefore, there can be no irregular succession, much less forced heirship, where the illegitimate child disposes of his whole estate by will. See also C. C. Arts. 919, 922, and 1314.

In the case of the succession of *Maria J. Robert,* 2 Rob. 424, the legatee took, by a decree of this court, the whole estate, to the exclusion of the natural mother,

but the present point does not appear to have been presented by counsel for adjudication in that case.

The judgment of the lower court, in favor of defendant, must, therefore, be affirmed.

Judgment affirmed.