BAILES, Judge.
Plaintiff brought this suit to recover certain sums allegedly paid to its insured and guest passengers in the insured’s vehicle under the appropriate provision of an automobile public liability insurance policy issued to the said insured. These parties were injured in an accident with an uninsured motorist, one of the defendants herein. The trial court denied the demands of the plaintiff under its finding that there was no liability on the part of the uninsured motorist. From this adverse judgment, plaintiff appealed. We find the judgment appealed from must be affirmed, however, for reasons different from the holding of the trial court.
Plaintiff alleged that at the time of the accident in question there was in force its *603 policy of liability insurance which included an uninsured motorist provision under the terms of which it paid certain sums to the insured and his guest passengers, and that pursuant to the terms of the policy of insurance, by operation of law and pursuant to the “Trust Agreements” executed by the injured parties, plaintiff was legally and conventionally subrogated to any causes or rights of action of the insured and the guest passengers to whom it had made payment for physical injuries. The defendants denied all of these allegations, putting at issue the existence of the alleged insurance coverage and the terms of such an alleged policy of insurance.
On the trial of the case, the policy of insurance was not introduced into evidence and is not in the record. The sole basis for the right of the plaintiff to recover from defendants is based on a so-called Trust Agreement, which provides:
“KNOW ALL MEN BY THESE PRESENTS that the undersigned, Ner-cile Morris and Early Morris, hereinafter referred to as the Trustee, on behalf of Patricia Ann Morris who sustained damages on account of bodily injury, sickness, disease or death arising out of an accident or event which occurred on or about the 31st day of October, 1965 at or near Varnado, Louisiana, as the result of which claim has been made against Zurich Insurance Company, hereinafter referred to as the Beneficiary, under its policy 48-53-298, and in consideration of the sum of One hundred fifty Dollars ($150.-00), receipt of which is hereby acknowledged, hereby agrees that the Trustee will hold for the benefit of the Beneficiary all rights, claims and causes of action which the Trustee, or the above named party, has or may have against any person or persons, organization, association, company or corporation other than the Beneficiary because of bodily injury, sickness, disease, or death which is the subject of the claim made against the Beneficiary.
“The Trustee further agrees on behalf of himself and the above named party to take, through any representative designated by the Beneficiary, such action as may be deemed necessary or appropriate to recover damages suffered by the Trustee from any person or persons, organization, association,, company or corporation other than the Beneficiary who may be legally liable therefor, such action to be taken in the name of the Trustee, the Beneficiary to pay all costs and expense in connection therewith. It is further agreed that any monies recovered by the Trustee as the result of judgment, settlement, or otherwise will be held in trust and paid to the Beneficiary, provided, however, any sum recovered in excess of the total amount paid by the Beneficiary to the Trustee under the terms of the above-mentioned policy, shall be retained by the Trustee for his own use and benefit or for the benefit of the above named _, as the case may be.”
It is obvious to us that if the plaintiff is to recover herein, in the absence of the production of the insurance policy or proof of its terms, it must do so on the basis of the above quoted “Trust Agreement”.
This trust agreement does not meet the test of LSA-C.C. Article 2160 as an act of conventional subrogation. See Motors Ins. Corp. v. Employers’ Liability Assur. Corp. (La.App.1951) 52 So.2d 311. There is no evidence of an agreement between the parties to this trust agreement that designates plaintiff as the “beneficiary” by which the beneficiary is subrogated or substituted to the rights of the “trustee”.
In the agreement entered into between plaintiff and the persons to whom it made payments of certain sums of money, allegedly in settlement of claims they had under the terms of an alleged policy of public liability insurance issued by plaintiff to its insured, the persons therein designated as trustees did nothing more than the agreement provides, and nowhere there *604 in is there any subrogation of any right of action for the recovery of damages arising out of the accident in question.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.