265 So.2d 783 (1972)
Aubrey HARRIS, Sr., Plaintiff-Appellee,
v.
HUVAL BAKING COMPANY, Inc., et al., Defendant-Appellee,
Gulf Coast Lines Employees' Hospital Association, Intervenor-Appellant.
No. 3935.
Court of Appeal of Louisiana, Third Circuit.
July 18, 1972.
Rehearings Denied September 13, 1972.
Writ Refused October 19, 1972.
Thomas W. Sanders, Lake Charles, for intervenor-appellant.
Cox & Cox, by James J. Cox, Lake Charles, for plaintiff-appellee.
Plauché, Smith & Hebert, by Reid K. Hebert, Lake Charles, Mouton, Roy, Carmouche & Hailey, by John A. Bivens, Lafayette, for defendant-appellee.
Before FRUGÉ, SAVOY and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Appellant, Gulf Coast Lines Employees' Hospital Association, intervened in this suit by plaintiff, Aubrey Harris, Sr., against parties allegedly responsible for the injuries *784 and expenses sustained by plaintiff as the result of an automobile accident. Both defendants and plaintiffs filed exceptions of no cause and no right of action. These were sustained by the trial court. That court proceeded to try the case and alternately awarded plaintiff $3,000 for pain and suffering and loss of wages, and special damages of $1,728.14. Appellant has appealed from the judgments sustaining the exceptions.
Appellant is a non-profit association formed by its members for the purpose of providing medical and surgical treatment for, among others, the employees of the Missouri Pacific Lines in Texas and Louisiana who pay hospital assessments to the Association. Mr. Harris was an employee of Missouri Pacific and a member of this Association.
The plaintiff-appellee, Mr. Harris, was injured in an automobile accident on July 7, 1971, when he was struck by a truck owned by defendant-appellee. Mr. Harris incurred certain hospital expenses as a result of this accident and sought recovery from Gulf Coast. Gulf Coast refused to pay on the basis of one of its Charter and By-Law's provisions and suit No. 89,966 Aubrey Harris, Sr. v. Gulf Coast Lines Employee's Hospital Associationwas filed and tried in the 14th Judicial District. The provision upon which Gulf Coast relied in denying recovery was the following:

"Subrogation
"When a member of the Association receives Medical, Surgical, or Hospital care for injuries sustained under conditions where some individual or corporation is liable, in such cases membership in the Association should not cover the service, and should litigation arise and only when the member would suffer in the interim personally by payment of such bills should his membership cover. In such cases, the Association should be reimbursed."
Gulf Coast contended that since a third party was involved with Mr. Harris and was possibly liable in the case, Harris should proceed first against the third party for any recovery of medical expenses before filing any claim with Gulf Coast.
The trial court found the portion of the provision dealing with the establishment of liability of a third person vague in that it failed to adequately indicate in what circumstances the provision would operate to relieve Gulf Coast of liability. The suit was maintained and Gulf Coast was cast in judgment for $1,572.79.
Mr. Harris then filed the present suit against the owner of the truck, Huval Baking Company, for the same medical expenses and pain and suffering. Gulf Coast intervened alleging three different bases for recovery. First was a right of preference and priority of payment out of any judgment in favor of plaintiff (allegation 5 of original petition of intervention). This was based on the Charter and By-Laws of the Association. Secondly, they alleged a right of conventional subrogation (allegation 6) based on their Charter and By-Laws. Lastly, they alleged a right of legal subrogation (allegation 7). Gulf Coast prayed for judgment in solido against Aubrey Harris and Huval Baking Company, et al., for the sum of $1,572.79. As previously stated, exceptions of no cause and right of action were filed against Gulf Coast and sustained.
On appeal, appellant abandoned his claim under conventional subrogation but alleges a cause and right of action based on several groundslegal subrogation under LSA-C.C. Article 2161(3), direct action in tort under LSA-C.C. Article 2315, a right of reimbursement from Huval under LSA-C.C. Article 2134, and reimbursement from plaintiff pursuant to its Charters and By-Laws.
*785 LSA-C.C. Article 2161(3) provides:
"Subrogation takes place of right:
"3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."
That plaintiff has no right of action under this provision is evidenced by the ruling of the Supreme Court in Pringle-Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969). In referring to Subparagraph 3, the court said:
"Clearly this language presupposes the existence of a solidary obligation. If no solidary obligation exists, subrogation does not take place."
Gulf Coast and Harris were not solidarily liable for the medical expenses.
The Supreme Court case of Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), negates the establishment by appellant of a right of action in tort. In that case, the court held:
"It is a basic principle of the law that a tort-feasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation. . . .
"Even the broad language used in Article 2315 of our Code does not justify a departure from the above stated doctrine. . . Parties situated in plaintiff's position can readily protect themselves by obtaining from the injured person a conventional subrogation of the latter's rights and, thus, the tort-feasor can be made to respond for the direct and foreseeable consequences of his act in a single suit."
See also: Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958); and American Indemnity Co. v. New York Fire & Marine Underwriters, Inc., 196 So. 2d 592 (La.App. 1st Cir., 1967).
Appellant likewise fails to establish a right of action under LSA-C.C. Article 2134. That Article reads as follows:
"An obligation may be discharged by any person concerned in it, such as a coöbligor or a surety.
"The obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that, if he act in his own name, he be not subrogated to the rights of the creditor."
Gulf Coast is not a co-obligor with Harris as to the persons rendering medical services to Harris. However, they are "concerned" with the obligation because they have previously been judicially declared legally obligated to pay Harris.
Lastly, we reach the question of Gulf Coast's right to reimbursement from Harris. It is here that appellant has stated a cause and right of action. In its original petition (allegation 5) appellant plead a right to recover by preference and priority out of any judgment Harris received. He further prayed for recovery against Harris, in solido with defendants-appellees, in the amount of $1,572.79. These rights were based on the following provision found in appellant's By-Laws:

"Subrogation
"When a member of the Association receives Medical, Surgical, or Hospital care for injuries sustained under conditions where some individual or corporation is liable, in such cases membership in the Association should not cover the service, and should litigation arise and only when the member would suffer in the interim personally by payment of such bills should his membership cover. In such cases, the Association should be reimbursed." (Emphasis added).
*786 Certainly some confusion is created upon the initial reading of this provision. The heading would lead one to believe that the provision is one creating conventional subrogation. However, the substance of the provisions, especially the emphasized portion, defeats such a construction. In 2 Planiol, No. 480, p. 274, it is stated:
"The subrogation in the first place must be express. In spite of the tendency of modern law in not exacting sacramental terms for expressing intention, it is advisable to employ the words `subrogate' or `subrogation,' for there are no others in the language which can serve as their equivalents. In their place we could use a periphrasis such as `cede' or `transmit his actions,' but unfortunately all formulas of that nature leave in doubt the intention of the parties. . . .
In this case, the words ". . . the Association should be reimbursed" are definitely insufficient to create a conventional subrogation and these words, plus the fact that on appeal appellant used this phrase as a basis for reimbursement and not conventional subrogation, indicates that the parties' intention was not actually the creation of conventional subrogation as it exists in the law.
The ambiguity resulting from the heading of By-Law "X" does not extend to the substance of the Article. A reading of the Article itself reveals a clear intent and result. Neither the Association nor its members ever intended that the Association be held liable for medical expenses of a member created by the illegal actions of a third person. In almost all such instances, the Association would not pay at all (much less be subrogated). The only time when payment would be made in such circumstances was when the member would suffer if he personally had to pay before he could recover against the third person. In that instance, the Association did not seek subrogation of the members' rights but only reimbursement from them. If the provision was meant to be one of subrogation, certainly no reprieve from payment would be granted the Association on the basis of lack of hardship of the memberall claims in all instances would have been paid. Instead, the Association sought to avoid any connection with claims thus incurred and paid such claims, in keeping with its benevolent purpose, only when its members would suffer in the interim. It is true that the trial court in the case of Aubrey Harris v. Gulf Coast Lines Employees' Hospital Association, No. 89,966, virtually abolished the right of the Association to refuse payment in cases involving third parties but the wisdom of that decision is not before us for determination, and as it did not deal with the intent and purpose of the provision but only with the implementation of that intent and purpose, it does not affect our present determination.
Although it has been shown that appellant cannot recover against defendant-appellee, and that for this reason there is no solidary liability between plaintiff and defendant-appellee; appellant did allege appropriate grounds and pray for recovery against plaintiff-appellee. Therefore, we find that appellant did state a cause and right of action based on By-Law "X". Based on the contract entered into between appellant and Mr. Harris, appellant is entitled to recover against Mr. Harris the sum of $1,572.79 out of the medical expenses allowed Mr. Harris in this suit in lower court.
The trial court judgment, as it relates to intervenor-appellant, is reversed and remanded. Intervenor-appellant is to be allowed to recover the sum of $1,572.79 by way of preference and priority out of the sum of $1,728.14 awarded plaintiff-appellant for medical expenses in this suit in lower court.
Reversed and rendered.

ON APPLICATION FOR REHEARING
PER CURIAM.
Intervenor-appellant has called to our attention the fact that we inadvertently *787 omitted reference to the payment of costs. Costs of this appeal are assessed to appellees.
Rehearing is denied.