280 So.2d 624 (1973)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff-Appellant,
v.
Daniel Lamar BYLES, Defendant-Appellee.
No. 4197.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
*625 Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for plaintiff-appellant.
Whitehead & McCoy by Charles R. Whitehead, Jr., Natchitoches, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Hartford Accident & Indemnity Company settled with its insured, Stanley P. Barrios, under the uninsured motorist provisions of its policy. Hartford then sued the uninsured motorist defendant, Daniel Lamar Byles, to recover the amount it paid to Barrios, alleging that its loss was caused by Byles' negligence. In a supplemental petition Hartford impleaded Barrios as a party plaintiff.
Judgment was rendered by the trial court sustaining an exception of no right of action filed by defendant Byles to the petition of Hartford, and condemning Hartford to pay to Byles the sum of $150.00 as attorney's fees for Hartford's failure to timely answer interrogatories. Hartford and Barrios have appealed. We reverse the judgment sustaining the exception of no right of action, and affirm the award of attorney's fees.
The principal issue presented is whether Hartford is legally subrogated to the claim of its insured against defendant Byles.
Hartford's insured, Barrios, was involved in an automobile accident with the uninsured defendant Byles on May 26, 1971. Under the uninsured motorist provision of Hartford's policy with Barrios, and because of Byles' alleged negligence, Hartford paid Barrios $2,365.75 on August 23, 1971. Hartford did not take a subrogation agreement from Barrios at that time, but instead it entered into a "Trust Agreement" with Barrios, under the terms of which Barrios agreed "to take through the legal representative designated by the Hartford Accident & Indemnity Company at their expense such action as may be necessary or appropriate to recover damages from the person or organization legally liable therefor." Barrios also agreed to reimburse Hartford to the extent of the recovery.
Hartford sued Byles for $2,365.75, alleging itself to be the subrogee of its insured Barrios, and it attached copies of the trust agreement to the petition. Byles filed exceptions of no right of action and no cause of action. Hartford thereupon filed an amending petition, and it attached to that petition a subrogation receipt signed by Barrios and a copy of the insurance policy which Hartford had issued to Barrios. Byles filed additional exceptions of no right of action and no cause of action.
Hartford then filed a "Second Amending Petition" in which it added its insured, Barrios, as a co-plaintiff. An additional paragraph in the second amending petition sought to make Barrios a party plaintiff only in the event the trial court found that Barrios is a necessary or indispensible party to these proceedings. The relevant portion of the prayer of the second amending petition is that "petitioner Stanley P. Barrios prays that only in the event this Honorable Court should find he is a necessary or indispensible party to these proceedings, that he be made co-petitioner herein...." Byles filed an exception of prescription to the second amending petition, which petition was filed more than one year after the accident.
The exceptions were tried at the same time Hartford was ruled into court to show cause why it should not be compelled *626 to answer interrogatories which had been propounded by Byles, and to show cause why Hartford should not pay defendant $150.00 as attorney's fees for failure to answer those interrogatories.
The trial court rendered judgment sustaining Byles' exceptions of no right of action to Hartford's claim, and it condemned Hartford to pay Byles $150.00 as attorney's fees for Hartford's failure to timely answer the interrogatories. The trial court did not rule on the exception of prescription filed to Barrios' claim. Although Hartford and Barrios have appealed from the trial court judgment, we find that the claim of Barrios against Byles, and the exception of prescription filed by Byles are still pending in the trial court.
We agree that the "Trust Agreement" which Hartford and its insured entered into did not fulfil the requirements for conventional subrogation. Zurich Insurance Co. v. Williams, 216 So.2d 602 (La.App. 1 Cir. 1968). Hartford contends, however, that it is legally subrogated to the rights of its insured under the provisions of LSA-C.C. art. 2161, and that it also has a right or cause of action against Byles under LSA-C.C. art. 2315. It argues that it thus is entitled to maintain this action against Byles even though it may not have obtained a conventional subrogation from Barrios.
Article 2161 of the Louisiana Civil Code provides in part:
"Art. 2161. Subrogation takes place of right: (3) For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."
We think the insurer who is bound under its contract of insurance for payment of the loss or damages caused by a third party, and who is forced to pay under that contract as the result of the negligence of that party, is legally subrogated under LSA-C.C. art. 2161 to the rights of its insured against the third party tortfeasor to the extent of the payment which it was required to make. Moncrieff v. Lacobie, 89 So.2d 471 (La.App. 1 Cir. 1956); Monteleone v. Royal Ins. Co., 47 La.Ann. 1563, 18 So. 472 (1895); Miller v. Newark Fire Ins. Co., 12 La.App. 315, 125 So. 150 (La.App.Orl.1929); Duchamp v. Dantilly, 9 La.Ann. 247 (1854); Howe v. Frazer, 2 Rob. 424 (1842); Motors Ins. Corp. v. Employers' Liability Assur. Corp., 52 So.2d 311 (La.App. 1 Cir. 1951); Reynolds v. Hartford Accident & Indemnity Co., 228 So.2d 76 (La.App. 2 Cir. 1969). See also: "Insurer's Cause of ActionConventional and Legal Subrogation," 19 La.L.Rev. 726; "The Role of Subrogation by Operation of Law and Related Problems in the Insurance Field," 22 La.L.Rev. 225; Fundamental Principles and Affects of Subrogation in French and Louisiana Law," 25 Tul.L.Rev. 358.
In Motors Ins. Corp. v. Employers' Liability Assur. Corp., supra, the court quoted with approval the following appropriate statement from 46 C.J.S. Insurance § 1209, p. 157:
"An insurer of an automobile against accidental collision, who pays to insured the amount of the damage, is subrogated to insured's rights of action against third persons who may be responsible for the loss. This subrogation takes place by operation of law and irrespective of any express stipulation to that effect in the policy."
The law is settled that a surety who pays the debt of the contractor becomes legally subrogated to any rights which the contractor may have against the owner arising out of the contract. United States Fidelity & Guaranty Co. v. Murphy, 163 So. 724 (La.App.Orl.1935); New England & Mut. Life Ins. Co. v. Randall, 42 La.Ann. 260, 7 So. 679 (1890); Succession of Dinkgrave, 31 La.Ann. 703 (1879); 19 La.L.Rev. 726 at 731; 25 Tul. L.Rev. 358 at 366; 2 Planiol (translation by the Louisiana State Law Institute) No. 501. We think the same rule should apply *627 to an insurer who, under its liability policy, is forced to pay the damages caused by the negligence of a third party, since the insurer under those circumstances is in a position somewhat analogous to that of a surety.
Defendant relies largely on Harris v. Huval Baking Co., 265 So.2d 783 (La. App. 3 Cir. 1972), and American Indemnity Co. v. New York Fire & Marine Underwriters, Inc., 196 So.2d 592 (La.App. 1 Cir. 1967). We distinguish both of those cases.
In Harris v. Huval Baking Co., supra, the policy issued by the insurer provided medical, hospital and surgical benefits for the employees of a railroad. Plaintiff Harris, an employee of that railroad, was injured in a motor vehicle collision, and after suing his own insurer he eventually recovered his hospital and medical expenses from it. In a subsequent suit filed by Harris against the third party tortfeasor, the insurer intervened seeking primarily a judgment recognizing its right to be reimbursed by preference out of the damages recovered by Harris, and alternatively a judgment against the tortfeasor under the insurer's alleged right of legal subrogation. We held that the insurer was entitled to recover on its primary claim, because of specific provisions in the policy, and we rendered judgment allowing it to recover by preference out of the damages awarded to Harris. It thus was unnecessary for us to consider the alternate demand of the insurer that it was entitled to recover under its alleged legal subrogation.
We concede that we used language in the Harris opinion which indicates that the insurer was not legally subrogated to the claim of its insured under LSA-C.C. art. 2161. That part of the opinion was dictum, of course, but even if it were not, it has no application here, because the insurer in the Harris case was not bound with or for the third party tortfeasor for the hospital and medical expenses incurred by Harris. It was bound under its contract to pay hospital, medical and surgical benefits to its insured, whether anyone else might or might not also owe them. The obligation of the insurer was not conditioned on the negligence or the liability of a third person, and the insurer thus was not bound with or for anyone else for the payment of those expenses. In the instant suit, on the contrary, the insurer's liability to its insured was conditioned on a determination that Byles was negligent. The insurer thus is bound with or for the third party tortfeasor, Byles, for payment of the damages, and we think it is entitled to legal subrogation under LSA-C.C. art. 2161.
Substantially the same distinction is made in the American Indemnity case, supra. There, the insurer sought to recover from an alleged third party tortfeasor the amounts which it had paid to its own insured as property damages and as "medical benefits" under an automobile liability policy. The trial court awarded it the amount which it had paid as property damages, because the policy specifically provided for subrogation as to those damages, but it rejected the insurer's demand for the amount it had paid as medical expenses. The First Circuit Court of Appeal affirmed, holding that the insurer was not legally subrogated to the rights of the insured insofar as the medical payments were concerned. In that case, as in Harris v. Huval Baking Co., supra, the medical payments were owned by the insured regardless of liability on the part of anyone else, and the insurer thus was not bound with or for any other person for those payments. Article 2161 of the Civil Code did not apply, and the insurer thus was not entitled to a legal subrogation to the rights of its insured under that article.
In the instant suit, accepting plaintiff's allegations as to negligence as being true, we think Hartford was bound with or for Byles for the payment of the damages which were sustained by plaintiff's insured, and that Hartford thus had an interest in discharging that debt. Under those circumstances, we conclude that Hartford *628 became legally subrogated under LSA-C.C. art. 2161 to the rights of its insured against Byles, to the extent of the payment which was made by plaintiff.
Having concluded that plaintiff is legally subrogated to the rights of its insured Barrios to the extent of the payment it made, it is unnecessary for us to consider or to determine whether plaintiff also had a right or cause of action against Byles under Article 2315 or Article 2134 of the Civil Code. It also is unnecessary for us to determine whether the subrogation receipt which Hartford attached to its first amending petition was valid.
Since Hartford was legally subrogated to the cause of action against exceptor Byles, the exception of no right of action is hereby overruled.
Byles' counsel mailed interrogatories to Hartford's counsel on June 20, 1972. Hartford did not deny that its counsel received the interrogatories or that it failed to answer the interrogatories within fifteen days after service. Hartford did not seek an enlargement of the time allowed for answer. The rule to compel Hartford to answer the interrogatories propounded under LSA-C.C.P. art. 1491, and to show cause why Byles' counsel should not receive attorney's fees for bringing the rule, was filed July 10th and made returnable on July 14, 1972. Hartford argued that the interrogatories must be served by the sheriff, citing LSA-C.C.P. art. 1314. Additionally, Hartford argued that Byles had not shown that he was prejudiced by Hartford's failure to timely answer.
We find no merit to Hartford's contentions. Interrogatories are not pleadings which are required to be served by the sheriff in conformity with LSA-C.C.P. art. 1311, et seq. The record was filed in this court on February 12, 1973, and Hartford had not answered the interrogatories through that date. There is no manifest error in the trial court's award of $150.00 as attorney's fees on finding that Byles was forced to rule plaintiff into court to get answers to his interrogatories. LSA-C.C.P. art. 1511.
The trial court judgment sustaining the exception of no right of action is reversed and the case is remanded for trial of the remaining issues. The award of attorney's fees to defendant is affirmed. Costs of this appeal are assessed to defendant-exceptor, Daniel Lamar Byles.
Affirmed in part, reversed in part and remanded.
MILLER, J., dissents in part and assigns written reasons.
MILLER, Judge (dissenting).
I agree that the result reached by the majority is desirable, is in accord with the majority rule of our common law neighbors (6A Appleman, Insurance Law and Practice § 4051), and is the favored view of the law review writers. See 19 La.L. Rev. 726; 22 La.L.Rev. 225; 25 Tul.L.Rev. 358.
I would follow the holding of our recent decision in Harris v. Huval Baking Company, 265 So.2d 783 (La.App. 3 Cir. 1972). See also American Indemnity Co. v. New York F. & M. Underwriters, Inc., 196 So. 2d 592 (La.App. 1 Cir. 1967); Bank of Bienville v. Fidelity & Deposit Co. of Maryland, 172 La. 687, 135 So. 26 (1931); Cooper v. Jennings Refining Co., 118 La. 181, 42 So. 766 (1907).
I agree that the attorney's fees were properly awarded, but respectfully dissent from the finding that the insurer was legally subrogated to Barrios' claim against Byles.