355 So.2d 1039 (1978)
Laurin T. Courtney, wife of/and Marion COURTNEY
v.
Bobby HARRIS, Fogleman Truck Lines, Inc. and the Insurance Company of North America.
No. 8774.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Alford & Caruso, Walter T. Gamard, II, Fineran & Campbell, Robert J. Fineran, New Orleans, for intervenor-appellant.
Darleen M. Jacobs, New Orleans, for plaintiffs-appellees.
Ralph S. Johnson, New Orleans, for defendants-appellees.
Before REDMANN, BOUTALL and BEER, JJ.
BEER, Judge.
Laurin T. Courtney suffered back injuries requiring hospitalization and medical treatment resulting from an automobile accident caused by Bobby Harris, employee of Fogleman Truck Lines, Inc. She (and her husband) filed suit, and Allstate Insurance Company, the Courtneys' insurer, intervened seeking reimbursement for medical expenses of $1,000, claiming to be subrogated to plaintiffs' rights to that extent or, alternatively, by virtue of La.Civ.Code art. 2315.
The trial court (without written reasons) awarded special damages of $1,338.96 to Marion Courtney, $4,000.00 to Laurin T. Courtney, and dismissed the claim of intervenor, Allstate. Allstate alone appeals, contending that their recovery right should be validated on the basis of several alternative theories: conventional subrogation, legal subrogation, an independent cause of *1040 action in tort and/or prevention of unjust enrichment.
Allstate's contention that it was conventionally subrogated to the rights of its insureds is unfounded. There is ample proof that a draft for $1,000 was received, but no proof of subrogation. Mrs. Courtney testified that she had not been told at any time that Allstate would seek repayment. She and her husband testified that in their view the payment of premiums to Allstate entitled them to keep the proceeds noted above regardless of possible recovery from defendants.
La.Civ.Code art. 2160 requires that conventional subrogation be express. There is no proof of such an express agreement.
In its alternative contention, Allstate cites Stephens v. Dore, 281 So.2d 889 (La.App. 3rd Cir. 1973), which is completely inapplicable to the facts of this case, and Hartford Accident & Indemnity Company v. Byles, 280 So.2d 624 (La.App. 3rd Cir. 1973), which is properly considered in light of the entirety of the jurisprudence, starting with London Guarantee & Accident Ins. Co. v. Vicksburg, S. & P. R. Co., 153 La. 287, 95 So. 771 (1923). The London Guarantee rule was often applied in cases dealing with property and collision damage. See, e. g., Volume Shoe Corp. v. Armato, 341 So.2d 611 (La.App. 2nd Cir. 1977); Hartford Accident & Indemnity Company v. Byles, supra; Aetna Casualty & Surety Company v. Allen, 132 So.2d 240 (La.App. 3rd Cir. 1961), and John M. Walton, Inc. v. McManus, 67 So.2d 130 (La.App. 1st Cir. 1953). The rule has not gone without criticism, although it has not been expressly overruled. In Forcum-James Co., Inc. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957), our Supreme Court cited the Supreme Court of the United States' opinion in Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290. In that case, Justice Holmes concluded that:
"* * * no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. * * The law does not spread its protection so far."
Forcum-James has been followed in Desormeaux v. Central Industries, Inc., 333 So.2d 431 (La.App. 3rd Cir. 1976), writ denied, 337 So.2d 225; Baughman Surgical Associates, Ltd. v. Aetna Casualty & Surety Co., 302 So.2d 316 (La.App. 1st Cir. 1974); and Messina v. Sheraton Corp. of America, 291 So.2d 829 (La.App. 4th Cir. 1974). However, in American Indemnity Co. v. New York F. & M. Underwriters, Inc., 196 So.2d 592 (La.App. 1st Cir. 1967) (which is particularly relevant to the instant case in that it dealt with medical payments under an automobile liability insurance policy, not with property or collision insurance as in the above cited cases), the court, holding that the insurer had no direct right of action against the third party tortfeasor, also observed that "dual recovery" is not, in and of itself, a basis for upholding subrogation, citing Warren v. Fidelity Mutual Ins. Co., 99 So.2d 382 (La.App. 1st Cir. 1957).
Subsequent to American Indemnity Company, supra, the Third Circuit reached a similar result in Harris v. Huval Baking Company, 265 So.2d 783 (La.App. 3rd Cir. 1972), writ refused, 263 La. 103, 267 So.2d 210. There, an employees' association founded for the purpose of providing medical and surgical treatment to its members, which had paid the member, intervened in a suit between its member and a third party tortfeasor. Citing Forcum-James, supra, the court denied that the association had a right of action in tort. Also, the court cited La.Civ.Code art. 2161(3) and the holding of the Supreme Court in Pringle Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969).
It must also be carefully noted that Hartford Accident & Indemnity Co., supra, dealt not with medical payments, but rather with uninsured motorist coverage. The court held in favor of legal subrogation, but, in so doing, it carefully distinguished Harris v. Huval Baking Company, supra, as follows:

*1041 "Substantially the same distinction is made in the American Indemnity case, supra. There, the insurer sought to recover from an alleged third party tortfeasor the amounts which it had paid to its own insured as property damages and as `medical benefits' under an automobile liability policy. The trial court awarded it the amount which it had paid as property damages, because the policy specifically provided for subrogation as to those damages, but it rejected the insurer's demand for the amount it had paid as medical expenses. The First Circuit Court of Appeal affirmed, holding that the insurer was not legally subrogated to the rights of the insured insofar as the medical payments were concerned. In that case, as in Harris v. Huval Baking Co., supra, the medical payments were owned by the insured regardless of liability on the part of anyone else, and the insurer thus was not bound with or for any other person for those payments. Article 2161 of the Civil Code did not apply, and the insurer thus was not entitled to a legal subrogation to the rights of its insured under that article. (Emphasis added.)"
Other circuits appear to have taken the position that, absent conventional subrogation, payment by the insurer to insured under the policy's medical payment coverage provision does not result in legal subrogation of the insurer to the rights of the insured. The rationale supporting this result seems to be that ". . . subrogation arises only in favor of one who pays the debt of another, and not in favor of one who pays the debt in performance of his own covenants." See: "Medical Insurer's Right of Subrogation," 73 A.L.R.3d 1140, 1148. We agree, being of the view that such medical payments are in response to a contractual obligation which arises from premium payments to the insurance company.
Stated another way, we are of the view that subrogation rights to medical payments in comprehensive automobile insurance policies do not obtain by implication or simply by operation of law. Nothing in this opinion should be construed to contravene or inhibit an insurance company's right to provide, by policy provisions, for a right of subrogation conditioned only upon the pressures of the marketplace insofar as the premium rate and other competitive factors are concerned.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is affirmed. Each party to this appeal is to bear his own costs.
AFFIRMED.