478 So.2d 1352 (1985)
AETNA INSURANCE COMPANY
v.
Robert NAQUIN, Individually, and Robert Naquin, d/b/a Bob's Roofing & Sheet Metal.
Mrs. Philip FICARRA and Dennis Ficarra
v.
Robert NAQUIN, Individually and Robert Naquin, d/b/a Bob's Roofing & Sheet Metal.
Nos. 85-CA-357, 85-CA-358.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
Writ Granted January 24, 1986.
*1353 W.D. Rankin, New Orleans, for plaintiff-appellee.
Richard A. Tonry, Chalmette, for defendant-appellant.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a consolidated lawsuit which arose from the alleged negligent performance of a construction contract. The first lawsuit was filed by Aetna Insurance Company (Aetna), claiming legal subrogation (reimbursement) for the claims paid in settlement for damages on behalf of the Ficarras to their tenants under a homeowner's insurance policy covering a four-plex apartment building located in Metairie, Louisiana.
This action alleged that the damages sustained by the Ficarras and paid by Aetna were caused by the negligent performance and breach of contract to install a new roof on the four-plex apartment building insured by Aetna. Subsequently, a second lawsuit was filed by the Ficarras against the defendant, Naquin, for recovery of the cost of repairing damages from the water to the building and also for the cost of a replacement roof.
Defendant (Naquin) filed an Exception of Improper Venue in each of these lawsuits, alleging that "defendant herein resides in the Parish of St. Tammany and conducts his place of business in the Parish of St. Bernard". Naquin filed a separate reconventional demand in the Ficarra lawsuit for the price of the roofing work which was never paid. Further, Naquin filed a separate Third-Party Demand in the Aetna lawsuit, making the Ficarras' third-party defendants and seeking payment of the price of the roofing work.
In both the Reconventional Demand and the Third-Party Demand, Naquin claimed that any damages sustained by the "four-plex apartment dwelling" were done by an act of God in heavy rains and winds and said alleged damages were not due to any faulty workmanship on the part of Naquin.
After trial on the merits, the district court rendered judgment awarding the Ficarras $4,820.00 and Aetna $7,224.73. He concluded that Naquin had breached his contractual duty to perform as a prudent contractor.
Subsequently, Naquin filed a motion for a new trial, urging that weather reports for the dates in question refuted the testimony of the plaintiff's witnesses that it had not rained during the period between the commencement of work on the roof and the date the roofing materials were blown off by heavy winds, thus interrupting the work in progress. Naquin also pleaded the bar of prescription in tort because the lawsuit by plaintiff, having been filed more than one year after the alleged misconduct, and further pleaded that Aetna had not established its entitlement to subrogation for the monies allegedly paid the Ficarras' tenants for water damage since the policy of insurance establishing its obligation and coverage of the incident in suit, was not offered or admitted in evidence. Finally, he reurged his exception to the venue because defendant was domiciled in St. Tammany Parish and his place of business was located in St. Bernard Parish. This motion for a new trial was denied by the trial court.
*1354 Naquin has appealed to this court for our review and has assigned the following specifications of error:
1. The trial court erred when it overruled defendant's exception to the venue of an action ex contractu when the defendant was domiciled in the Parish of St. Tammany and his place of business was maintained in the Parish of St. Bernard.
2. The trial court erred when it held that Aetna Insurance Company was legally subrogated to the monies paid to its insured's tenants for water damage to personal property when the evidence was insufficient to establish a conventional subrogation and the insurer was bound to the insured to pay the damages of the tenants irrespective of any fault of a third-party.
Naquin argued that the action before us was filed in the Parish of Jefferson where venue existed pursuant to LSA-C. C.P. Article 74 relative to actions in tort. He asserts that the Ficarras elected to pursue their remedy in tort and, by their choice, to keep the action in the parish where the Ficarras resided, and expressly elected to limit their actions to one ex delicto. At the outset, we recognize the rule that when a party has been damaged by the conduct of another arising out of a contractual relationship, he may have two remedies, one in tort and another in contract and he may elect to recover in either. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). Therefore, the negligent performance of a contract can give rise to either a contract or tort action, and venue is appropriate in either the parish where the contract action or the tort action could be brought.
The record indicates that the Ficarras entered into an oral contract with Naquin to replace the roof on the four-plex apartment building in Metairie, Louisiana. Thereafter, the defendant, Naquin, d/b/a Bob's Roofing and Sheet Metal started replacement of the roof on the four-plex apartment building in accordance with the oral contract, stripping the old roof off and beginning the repair and replacement of a new roof. The negotiations for the repairs were made by the parties through conversations they had in person and over the phone. The conversations between these parties indicated that an offer was made and accepted in Jefferson Parish.
The law in Louisiana is clear that absent contrary intent by the parties, a contract is considered executed at the place where the offer is accepted or where the last act necessary to a meeting of the minds or to completing the contract is performed. We have concluded after a careful review of the record that the roofing contract was perfected in the Parish of Jefferson. The plaintiffs contend that while their suit arises out of a contract between the Ficarras and Naquin, their right of action for damages is not necessarily contractual, but within the exception provided by the Code of Civil Procedure. There is ample authority to support their argument that violation of a contract can cause damages ex delicto as well as contractual, and under certain conditions, the action may be in tort. Upon this premise, they contend that their actions for recovery of damages in this proceeding are based on the following: (1) quasi offenses resulting from the negligent and unskillful manner in which the defendant performed the building contract and (2) breach of oral contract. The record further reflects that the facts pleaded in the plaintiffs' petition have set forth a cause of action ex-delicto and one ex contractu, although the tort cause of action was prescribed, the breach of contract action was not. This lawsuit was brought asserting two theories of recovery, that is, tort and contract, and as long as the facts supporting both claims are interrelated, venue is proper as to both claims if it is proper as to one. Hebert v. Myers, 449 So.2d 185 (La.App.3rd Cir.1984); Metcalf v. Pool and Home Care, 467 So.2d 610 (La.App.3rd Cir.1985).
Under the general rule provided by Louisiana C.C.P. Article 42, the proper venue for a contract action is in the Parish of the defendant's domicile. However, LSA-C. C.P. Article 74 contains an exception to *1355 that rule, and the exception reads in pertinent part:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."
The courts of this state have declared that when a plaintiff institutes an action on more than one theory of recovery arising out of one factual circumstance, and venue is proper as to any theory, the court has venue to decide all claims. Metcalf, supra.
The trial court awarded Aetna $7,224.74 as the subrogee of the Ficarras after the tenant's damages were paid. The defendant, Naquin, argues that this decision was erroneous, claiming that, as the insurer for the lessor, Aetna was not entitled to the effect of legal subrogation for monies paid on behalf of their insured. Furthermore, it is asserted that if such rights were acquired, these rights were only in tort and not in contract. The defendant argues that Aetna was not legally subrogated to the amount of damages paid to the tenants because the plaintiffs, Ficarras, were strictly liable for any negligence of breach of contract. However, in keeping with its policy of insurance, Aetna paid to and on behalf of its insureds, Mrs. Philip Ficarra and Denis Ficarra, the following amounts of damages: Apartment A, (Smith) $442.00; Apartment B, (Graves) $4,500.00; Apartment C, (Hill) $2,282.73; totalling $7,224.73. The record is void of any subrogation receipts and contains only a general release receipt which has no mention of any subrogation clause.
Subrogation is either legal or conventional, LSA-C.C. Articles 2159-2162. Article 2161 reads in pertinent part as follows:
Art. 2161 Subrogation takes place of right:
3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it.
A review of the Louisiana jurisprudence shows an inconsistency of results. One group of cases has held that simply legal subrogation occurs only when two parties are solidarily bound. See Pringle-Associated Mortgage Corporation v. Eanes, 254 La. 705, 226 So.2d 502 (1969).
Another case has denied legal subrogation when an insurer pays its insured medical benefits under the policy. See Courtney v. Harris, 355 So.2d 1039 (La.App. 4th Cir.1978). There it was reasoned the medical payments were owed to the insured by the insurer, regardless of the liability of a third party and therefore the insurer was not bound "with or for" any other person.
Yet another group of cases has allowed the insurer legal subrogation. In Hartford Accident & Indemnity Company v. Byles, 280 So.2d 624 (La.App.3rd Cir.1973) the insurer paid UM benefits to the insured and then sought to recover from the alleged tortfeasor. The court concluded legal subrogation had occurred and explained its reasoning as follows:
"We think the insurer who is bound under its contract of insurance for payment of the loss or damages caused by a third-party, and who is forced to pay under that contract as the result of the negligence of that party, is legally subrogated under LSA-CC Article 2161 to the rights of its insured against the third-party tortfeasor to the extent of the payment which it was required to make."
Therefore, the court concluded, the insurer was in fact bound "with or for" another and legal subrogation was appropriate.
We further agree with the First Circuit in Sentry Indemnity Company v. Rester, 430 So.2d 1159 (La.App. 1st Cir.1983) in that there are compelling reasons to allow the insurer legal subrogation. Subrogation should be implemented in order to remove the financial burden from the insurer and place the responsibility for the loss on the wrong-doer.
In the present case, the wrong-doer (Naquin) was held responsible for the failure to perform the roofing work properly and breached his duty of workmanlike performance. We agree with the trial judge, that the insurer is entitled to legal subrogation against Naquin. To hold otherwise as expressed *1356 in Rester would allow the wrongdoer (Naquin) to go scot-free.
We find that the lessors' (Ficarras) liability is separate from the liability of the defendant (Naquin), stemming from his breach of his contractual duty, and does not deprive the insurer's right to seek indemnification. It is that right to indemnification which was acquired by Aetna upon the payment of the lessee's damages. We find that the decision of the trial court which was based upon Naquin's breach of contractual duty allowed the Ficarras to subrogate their contractual rights against Robert Naquin.
The trial court's judgment awarded reimbursement to Aetna for the amount of damages paid to the three lessees of Ficarra and further awarded the Ficarras' $4,820.00 which represented sums they paid for carpet cleaning, interior repainting and additional roof repairs. Although the appellant has not urged any error as to the correctness of these claims, we hold that the trial judge's decision in this regard is correct and most equitable.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
KLIEBERT, J., dissents with written reasons.
KLIEBERT, Judge, dissenting.
I respectfully dissent from the majority view that the insurer, Aetna, under the provisions of old Civil Code Article 2161(3) had a right of subrogation against Naquin.
For there to be a legal subrogation under the provisions of Civil Code Article 2161(3) the obligation between the debtors must be a solidary one.[1]Pringle Associated Mtg. Corp. v. Eanes, 254 La. 705, 226 So.2d 502 (1969). In Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982) the supreme court said "An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other towards the creditor. When these characteristics result from provisions of law, as in the case of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration."
An obligor who, because of some provision of law, is liable to repair the damage caused by the tortfeasor is solidarily liable with the tortfeasor, despite the independent sources of liability and despite statutory and policy conditions limiting liability to some extent. Both are obliged to the same thing because that which each is bound to doto repair the tort damageis essentially one and the same thing. Fertitta v. Allstate Insurance Co., 462 So.2d 159 (La.1985).
In Courtney v. Harris, 355 So.2d 1039 (4th Cir.1978); Harris v. Huval Baking Co., 265 So.2d 783 (3rd Cir.1972); Wheelahan v. Eller, 446 So.2d 442 (4th Cir.1984), the courts found that an insurer who made a payment under the medical payment provisions of its policy was not entitled to a legal subrogation against the tortfeasor, for although the insurer and the tortfeasor was obligated for the same thing, i.e., the payment of the victim's medical bills, their obligation to the victim was not the result of a specific law or statute. On the other hand, in Hartford Accident & Indemnity Co. v. Byles, 280 So.2d 624 (3rd Cir.1973), the court reached an opposite conclusion when the insurer made the payment under the uninsured motorist provision of its policy.
Although not necessarily applied by the circuit courts or stated by the supreme court, the distinction between those two lines of cases was noted by the supreme court as follows: With respect to medical payments there is no specific law requiring the insurer to provide medical payment, whereas, under R.S. 22:1406(D)(1)(a) and (4), the insurer issuing a liability policy is required to make available the uninsured motorist coverage to its insured and is entitled *1357 to recover from the tortfeasor for payments made under the policy. (See footnote 7, at page 264, Fertitta v. Allstate, supra.
Hence, for a legal subrogation to exist as between one who is obligated to pay under the provisions of its insurance contract and one who is obligated to pay because of a statutory provision, the two must be solidarily liable and such liability must result from a specific law or statutory provision. Consequently, unless an insurer is obligated by statute to pay the victim's damage along with the tortfeasor, the insurer and the tortfeasor are not obligated for the same thing, hence, legal subrogation does not apply.
As I understand the facts here, they are as follows: The Ficarras were the owners of a four-plex on which there was in full force a "Homeowners Insurance Policy" issued by Aetna. The Ficarras entered into an oral contract with Naquin to replace the roof. In the course of changing the roof, water entered the building causing damage to Ficarra's building and to furniture of Ficarra's tenants located in the building.
Aetna settled with Ficarra's tenants and filed suit against Naquin to recover. Ficarra made no claim against Aetna, but did sue Naquin for damages to its building and/or contents. As to these suits the majority holds that the pleadings in each set forth a cause of action ex delicto and one ex contractu, and although the tort cause of action had prescribed, the breach of contract action had not. The trial court awarded to Aetna, the subrogee of the Ficarras, the damages paid by Aetna to Ficarra's tenants.
Although we are involved with a payment made under a homeowner's insurance policy, we are not informed as to the specific provisions of the policy under which the payment was made, i.e., the fire and extended coverage provisions or the general liability provisions. Under my understanding of the jurisprudence, if the payment was made under the fire and extended coverage provisions of the homeowner's policy there could be no legal subrogation because there is no solidary obligation imposed by law between Aetna, the insurer, and Naquin, the tortfeasor. The majority is concerned over the tortfeasor receiving a windfall. Under the facts here this is not a valid concern because if in fact the tortfeasor receives a windfall here it is due to prescription, not lack of a legal subrogation.
The burden of proof to show the legal subrogation was on Aetna. Since it has failed to meet that burden, it is not entitled to recover from the tortfeasor. For that reason, I would reverse the trial court judgment in favor of Aetna. Nevertheless, I would sustain the judgment in favor of Ficarra because its recovery against Naquin is on a breach of contract, not tort.
NOTES
[1] Act No. 331 of 1984 replaced Codal Article 2161 with Codal Article 1829 effective January 1, 1985.